Logan T. Johnston, #009484
**JOHNSTON LAW OFFICES, P.L.C.**
14040 N. Cave Creek Rd., Suite 309
Phoenix, Arizona 85022
Telephone: (602) 435-0050
ltjohnston@live.com

David T. Barton  #016848
Kathryn Hackett King #024698
**BURNSBARTON PLC**
2201 East Camelback Road, Ste. 360
Phone: (602) 753-4500
david@burnsbarton.com
kate@burnsbarton.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D.H., by and through his mother, Janice Hennessy-Waller; and John Doe, by and through his guardian and next friend, Susan Doe, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Jami Snyder, Director of the Arizona Health Care Cost Containment System, in her official capacity,<br><br>Defendant. | Case No. 4:20-cv-00335-SHR<br><br>**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER TO JUDGE ROSEMARY MARQUEZ**<br><br>(Assigned to the Honorable Scott H. Rash) |

Defendant submits this opposition to Plaintiffs' Motion to Transfer to Judge Rosemary Marquez. (Doc. 10) Judge Marquez presently presides over *Russell B. Toomey, et al. v. State of Arizona, et al.,* No. CV-19-00035-TUC-RM (LAB) ("*Toomey*"), the other case affected by Plaintiff's Motion to Transfer. Pursuant to LRCiv. 42.1(c), Defendant is filing this response in the case in which she is a party. Pursuant to the same rule, the Clerk's Office should electronically file this response in the *Toomey* case.

This Court's rule is that cases are to be assigned randomly:

> Unless otherwise provided in these Rules or ordered by the Court, the Clerk must assign civil cases to Judges within each division by automated random selection and in a manner so that neither the Clerk nor any parties or their attorneys will be able to make a deliberate choice of a particular Judge.

*See* LRCiv 3.7(a)(1). The random assignment of cases promotes confidence in the judiciary by eliminating the possibility of judge shopping. Indeed, the rule provides that neither the Clerk, nor any parties or their attorneys should be able to make a "deliberate choice of a particular judge."

In a carefully researched article filled with examples of what can go wrong when the Court steers away from this venerated practice, Professor Katherine A. Macfarlane argues that the reassignment of related cases to a single judge does serious damage to public confidence in the judiciary:

> Even if a motive to choose or influence a case can never be proven, the suggestion that a case has been steered to a particular judge's docket for reasons having nothing to do with efficiency or practicality undermines confidence in the judiciary's procedures, which must be neutral at every stage, even at assignment. This effect—undermining confidence in what should be a neutral system, especially with respect to who hears what case—is reason enough to do away with nonrandom case assignment.[1]

For this reason, the United States Judicial Conference has consistently stood by its "longstanding position" favoring the random assignment of federal cases.[2]

The issues presented by this lawsuit involve matters that have been addressed by the legislative and executive branches through the Affordable Care Act, Medicaid Act,

---

[1] Katherine A. Macfarlane, The Danger of Nonrandom Case Assignment: How the Southern District of New York's "Related Cases" Rule Shaped Stop-and-Frisk Rulings, 19 MICH. J. RACE & L. 199 (2014). Available at: https://repository.law.umich.edu/mjrl/vol19/iss2/1

[2] The Third Branch, UNITED STATES COURTS, http://www.uscourts.gov/news/TheThirdBranch/07-04-01/Legislation_Update_Bills_Focus_on_Security_Cameras_and_Patents.aspx (Apr. 2007).

and rules promulgated by the U.S. Department of Health and Human Services. Those legislative and administrative actions have been heavily reported by multiple news outlets.[3] In these circumstances, it is critical – particularly in light of the separation of powers - that the judiciary give every appearance of impartiality. Transferring this case to a division that has already issued an opinion favorable to the position advocated by Plaintiffs will do damage to the foundation of judicial integrity enshrined in LRCiv 3.7.

Moreover, these two cases are not as similar as plaintiffs contend. First, the applicable statutory framework is different. This case presents three claims under the Medicaid Act and Affordable Care Act that are not present in *Toomey*.

The cases also involve different health plans. *Toomey* involves a health plan that covers State employees, whereas this case involves a health plan available to the citizens of Arizona.

Finally, and critically, the parties and proposed classes are completely different. Whereas *Toomey* involves the medical care of adults, this case involves the medical care of children. And in the arena of gender reassignment surgery, that difference is significant. The World Professional Association for Transgender Health (WPATH) has recognized, for a host of reasons, that the care and treatment of transgender children must be different than the care and treatment of transgender adults. WPATH has published different standards for the care and treatment of transgender children and adolescents.[4] Indeed, medicine itself recognizes that pediatric care is a specialty separate and distinct from the care and treatment of adults. Plaintiffs acknowledge this critical difference by

---

[3] *See, e.g.,* https://www.npr.org/sections/health-shots/2020/06/12/868073068/transgender-health-protections-reversed-by-trump-administration, https://news.bloomberglaw.com/health-law-and-business/transgender-medicaid-patients-face-coverage-barriers-despite-law.

[4] Standards of Care for the Health of Transsexual, Transgender, and Gender-Nonconforming People, pp. 10-21, WPATH, (2012) Available at: https://www.wpath.org/media/cms/Documents/SOC%20v7/Standards%20of%20Care_V7%20Full%20Book_English.pdf

submitting declarations from specialists in pediatric care and by relying on articles and medical publications focused on pediatric care.

Thus, the central issue of this lawsuit: should the State be required to pay for transgender reassignment surgery for children, is critically and fundamentally different than the issue in *Toomey* and the evidence to be considered will also be fundamentally different than the evidence in *Toomey*. Indeed, one might argue that these lawsuits should be considered by different divisions of this Court simply to avoid confusion of issues and conflation of the standards of care.

For the reasons stated above, Defendant respectfully urges the Court to reject Plaintiffs' deliberate attempt to choose a particular judge and deny the motion to transfer.

RESPECTFULLY SUBMITTED this 25th day of August, 2020.

**BURNSBARTON PLC**


By     /s/ *Kathryn Hackett King*

David T. Barton
Kathryn Hackett King

**JOHNSTON LAW OFFICES, P.L.C.**
Logan T. Johnston
14040 N. Cave Creek Rd., Suite 309
Phoenix, Arizona 85022

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certifies that on August 25, 2020, I electronically transmitted the foregoing document, using the ECF System for filing and transmittal of a Notice of Electronic Filing and to ECF registrants and e-mailed a copy of the foregoing MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER TO JUDGE ROSEMARY MARQUEZ this August 25, 2020 to the following:

Brent P. Ray
Andrew J. Chinsky
KING & SPALDING LLP
353 N. Clark Street, 12th Floor
Chicago, Illinois 60654
T: +1 312 995 6333
F: +1 312 995 6330
Email:bray@kslaw.com
achinsky@kslaw.com

Daniel C. Barr
Janet M. Howe
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
T: +1 602 351 8085
F: +1 602 648 7085
Email:dbarr@perkinscoie.com
jhowe@perkinscoie.com

Asaf Orr
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
T: +1 415 392 6257
F: +1 415 392 8442
Email:aorr@nclrights.org

Abigail K. Coursolle
Catherine McKee
NATIONAL HEALTH LAW PROGRAM
3701 Wilshire Boulevard, Suite 750
Los Angeles, CA 90010
T: +1 310 204 6010
Email:coursolle@healthlaw.org
mckee@healthlaw.org

*Attorneys for Plaintiffs and the Class*

*s/Carolyn Galbreath*