Brent P. Ray (*pro hac vice* forthcoming)
Andrew J. Chinsky (*pro hac vice* forthcoming)
KING & SPALDING LLP
353 N. Clark Street, 12th Floor
Chicago, Illinois 60654
T: +1 312 995 6333
F: +1 312 995 6330
Email: bray@kslaw.com
       achinsky@kslaw.com

Daniel C. Barr (Bar No. 010149)
Janet M. Howe (Bar No. 034615)
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
T: +1 602 351 8085
F: +1 602 648 7085
Email: dbarr@perkinscoie.com
       jhowe@perkinscoie.com

*Counsel for Plaintiffs and the Class*
(Additional Counsel on Signature Page)

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| D.H., by and through his mother, Janice Hennessy-Waller; and John Doe, by his guardian and next friend, Susan Doe, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>Jami Snyder, Director of the Arizona Health Care Cost Containment System, in her official capacity,<br><br>    Defendant. | No. 4:20-cv-00335-TUC-SHR<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO TRANSFER CASE TO JUDGE ROSEMARY MÁRQUEZ** |

Pursuant to Local Rule of Civil Procedure 42.1(c), Plaintiffs D.H. and John Doe ("Plaintiffs") file this reply brief in support of their motion to transfer this matter to the Honorable Rosemary Márquez.

## I. ARGUMENT

### A. The Claims in *D.H.* and *Toomey* are Substantially Identical.

Defendant asserts without citation that the claims raised in the two cases are "completely different." Def. Opp. to Mtn. to Transfer, Doc. 13 at 3. That argument has no merit. Both cases allege an Equal Protection claim and a sex-discrimination claim under federal anti-discrimination law arising from the unequal treatment of transgender individuals in government health insurance programs. Consideration of the Equal Protection claim in *D.H.* will involve the same set of cases and arguments presented in *Toomey*. In addition, as discussed in Plaintiffs' motion, courts rely on Title VII caselaw to interpret the scope of protections available under Section 1557 of the Affordable Care Act. Pltfs. Mtn. to Transfer, Doc. 10 at 4. Courts have interpreted the two laws to be coterminous, consistently concluding that Section 1557 prohibits discrimination against transgender people as form of sex discrimination just as courts have under Title VII. *See id.* None of the factual issues or legal claims in either case would warrant departing from this uniform approach to federal sex-discrimination laws.

Defendant also notes that *D.H.* and *Toomey* involve two different state plans, but the language of both exclusions is identical, and both are categorical in scope. For this reason, the governmental defendants in both cases likely will assert the same, or many of the same, justifications and defenses in support of both.

Finally, Defendant's alleged differences in the parties and proposed classes between *D.H.* and *Toomey* are inaccurate. The scope of the second certified class in *Toomey* includes the dependents of state employees, R&R on Class Cert., Doc. 105 at 2, 9, many of whom will be under twenty-one years old and could seek coverage for male chest reconstruction surgery, the precise identity of the parties and class in *D.H.*, *see* Compl., Doc. 1 at 20, ¶ 106. Likewise, the proposed class in *D.H.* includes transgender adolescents and young adults, requiring

consideration of the WPATH standards applicable to each age group, just as in *Toomey*. This is in addition to the other similarities previously noted in Plaintiffs' motion. Doc. 10 at 4.

Thus, there is no basis for suggesting that granting Plaintiffs' motion will cause the Court to confuse or conflate the factual issues, legal standards, or the applicable standards of care. Instead, transferring this case to Judge Márquez will further judicial economy by having the same judge address those substantially identical questions while avoiding unnecessary duplication of efforts.

### B.   Transferring this Case Would Promote Judicial Efficiency and Integrity.

In addition to substantially advancing judicial efficiency as detailed above and in Plaintiff's motion, transferring this case would also further the integrity and confidence in the judiciary by avoiding the possibility of inconsistent judicial opinions on the same legal issues, a concern repeatedly mentioned as a factor favoring a transfer under LRCiv 42.1. *See, e.g.*, *Glass v. Intel Corp.*, No. CV 06-1404-PHX-MHM, 2008 WL 11338487, at *2 (D. Ariz. Feb. 22, 2008); *see also, e.g., Venus Med. Inc. v. Skin Cancer & Cosmetic Dermatology Ctr. PC*, No. 15-00062MC, 2016 WL 159952, at *3 (D. Ariz. Jan. 14, 2016) (citation omitted) (noting, in considering motion for transfer under local rule 45, that "[t]he potential for inconsistent rulings should be avoided and weighs in favor of a single judicial officer deciding all of the disputes"); *but see*, *Pangerl v. Ehrlich*, No. CV06-1464 PHXMHM, 2007 WL 686703, at *3 (D. Ariz. Mar. 2, 2007) (denying transfer as rulings would not likely be inconsistent on the merits of each case).

The law review article cited by Defendant further supports granting Plaintiffs' motion to transfer. As noted in the excerpt quoted in Defendant's opposition, Professor Macfarlane was concerned with use of the related-cases doctrine to "steer[ cases] to a particular judge's docket for reasons having *nothing to do with efficiency or practicality.*" Def. Opp. to Mtn. to Transfer, Doc. 13 at 2 (quoting Katherine A. Macfarlane, *The Danger of Nonrandom Case Assignment: How the Southern District of New York's "Related Cases" Rule Shaped Stop-and-Frisk Rulings*, 19 Mich. J. Race & L. 199 (2014) (emphasis added)). Here, however, a transfer would further the goals of efficiency and practicality enshrined in LRCiv 42.1(a) and (e). Also, the stop-and-frisk cases—the related cases at the heart of Professor Macfarlane's article—were four separate

cases filed over the span of nearly fifteen years, during which the judge presiding over those cases allegedly suggested that counsel in one of the subsequently filed cases should indicate that the cases were related so it could be assigned to the judge, which had the effect of circumventing the district' random-assignment policy and raising questions about the impartiality of the judicial process.  Macfarlane, *supra*, 19 Mich. J. Race & L. at 219–226.  None of those facts or concerns are present here, nor does Defendant suggest otherwise.

## II. CONCLUSION

For the reasons above, and in Plaintiffs' motion, Plaintiffs respectfully request that the Court grant their motion to transfer and reassign the case to Judge Márquez.

Respectfully submitted,

DATED:  August 26, 2020  **PERKINS COIE LLP**

 /s/ Daniel C. Barr
Daniel C. Barr (Bar No. 010149)
Janet M. Howe (Bar No. 034615)
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
T: +1 602 351 8085
F: +1 602 648 7085
Email: dbarr@perkinscoie.com
           jhowe@perkinscoie.com

Brent P. Ray, admitted *pro hac vice*
Andrew J. Chinsky, admitted *pro hac vice*
KING & SPALDING LLP
353 N. Clark Street, 12th Floor
Chicago, Illinois 60654
T: +1 312 995 6333
F: +1 312 995 6330
Email: bray@kslaw.com
           achinsky@kslaw.com

Asaf Orr, admitted *pro hac vice*
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
T: +1 415 392 6257
F: +1 415 392 8442
Email: aorr@nclrights.org

Abigail K. Coursolle, admitted *pro hac vice*
Catherine McKee, admitted *pro hac vice*
NATIONAL HEALTH LAW PROGRAM
3701 Wilshire Boulevard, Suite 750
Los Angeles, CA 90010
T: +1 310 204 6010
Email: coursolle@healthlaw.org
         mckee@healthlaw.org

*Attorneys for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2020, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Logan T. Johnston, #009484
JOHNSTON LAW OFFICES, P.L.C.
14040 N. Cave Creek Rd., Suite 309
Phoenix, Arizona 85022
ltjohnston@live.com

David Barton
Kathryn Hackett King
BURNSBARTON PLC
2201 E. Camelback Road, Suite 360
Phoenix, AZ 85016
david@burnsbarton.com
kate@burnsbarton.com

*Attorneys for Defendant*

s/ Daniel R. Graziano

149371693.1