# Exhibit A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

D.H., by and through his mother, Janice
Hennessy-Waller; and John Doe, by his
guardian and next friend, Susan Doe, on
behalf of themselves and all others
similarly situated,

     Plaintiffs,

  vs.

Jami Snyder, Director of the Arizona
Health Care Cost Containment System,
in her official capacity,

     Defendant.

No. 4:20-cv-335-TUC-SHR

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

**STIPULATED PROTECTIVE ORDER**

The Court recognizes that many of the documents and much of the information ("Materials" as defined herein) being sought through discovery or presented to the Court as exhibits to pleadings in the above-captioned action are sensitive in nature and, for statutory, regulatory, and privacy reasons, are normally kept confidential by the Parties. The Materials to be exchanged throughout the course of the litigation between the Parties may contain sensitive and confidential information that may subject parties to embarrassment, oppression and harassment, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The Parties have agreed to be bound by the terms of this Protective Order ("Order") in this action to facilitate the document production and disclosure and protect the respective interests of the Parties in their private and confidential information. This Order shall remain in effect unless modified pursuant to the terms contained in this Order.

IT IS THEREFORE ORDERED THAT,

The following Definitions shall apply in this Order:

A.     The term "Materials" will include, but is not limited to: documents; correspondence; memoranda; insurance information, email; clinician and/or patient information; materials that identify clinicians, and/or patients or potential patients; letters; statements; audio and/or video recordings; photographs; motion pictures; sketches; drawings; notes of discussions with third parties; other notes; business reports; instructions; disclosures; other writings; and internet archives.

B.     The term "Confidential Information" will mean and include information contained or disclosed in any Materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

C.     The term "Party" will mean the persons and entities named as parties in this action: D.H., a minor, by and through his parent and next friend Janice Hennessy-Waller,

and John Doe, a minor, by and through his parent and next friend Susan Doe; and Defendant Jami Snyder, in her official capacity as Director of the Arizona Health Care Cost Containment System ("AHCCCS").

D.     "Personally Identifiable Information" (PII), for purposes of this Order, includes, but is not limited to: Social Security numbers, addresses, phone numbers, e-mail addresses, or driver's license numbers or other state identification numbers. The Parties recognize that other personal data (*e.g.,* name, citizenship, birth date, spousal and familial information), particularly in combination with other information, may reveal sensitive PII and, for purposes of this Order, PII also includes such data when in combination with other information.

E.     "Protected Health Information" (PHI), for purposes of this Order, includes, all individually identifiable health information, including demographic data, medical histories, test results, insurance information, and other information used to identify a patient or provide healthcare services or healthcare coverage.

F.     The term "Producing Party" will mean any person or entity named as a party in this action or any non-party that produces or discloses any Materials in the course of this litigation.

G.     The term "Receiving Party" will mean any person or entity named as a party in this action who receives any Materials produced or disclosed by a Producing Party in the course of this litigation.

H.     The term "Counsel" will mean counsel of record and other attorneys, paralegals, secretaries, interns, externs, clerks, and other support staff employed by or volunteering for counsel of record.  Counsel of record in this action are:

BRENT P. RAY
bray@kslaw.com
ANDREW J. CHINSKY
achinsky@kslaw.com
KING & SPALDING LLP
353 N. Clark Street., 12th Floor
Chicago, Illinois 60654

DANIEL C. BARR
dbarr@perkinscoie.com
JANET M. HOWE
jhowe@perkinscoie.com
PERKINS COIE LLP
2901 N Central Avenue, Suite 2000
Phoenix, AZ 85012

ABIGAIL K. COURSOLLE
coursolle@healthlaw.org
NATIONAL HEALTH LAW PROGRAM
3701 Wilshire Boulevard, Suite 750
Los Angeles, CA 90010

CATHERINE A. MCKEE
mckee@healthlaw.org
NATIONAL HEALTH LAW PROGRAM
1512 E. Franklin Street, Suite 110
Chapel Hill, North Carolina 25714

ASAF ORR
aorr@nclrights.org
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
*Attorneys for Plaintiffs*

DAVID T. BARTON
david@burnsbarton.com
KATHRYN H. KING
kate@burnsbarton.com
BURNS BARTON LLP
2201 E Camelback Road, Suite 360
Phoenix, Arizona 85016

LOGAN T JOHNSTON
ltjohnston@live.com
JOHNSTON LAW OFFICES PLC
14040 N Cave Creek Rd., Ste. 309
Phoenix, Arizona 85022
*Attorneys for Defendants*

As used in this Order, "Counsel" expressly includes King & Spalding LLP, Perkins Coie LLP, the National Center for Lesbian Rights, the National Health Law Program, Burns Barton LLP, Johnston Law Offices PLC, and in-house Counsel for AHCCCS.

The following provisions shall apply in this litigation:

1.     Each Party or non-party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that

the Producing Party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      a.    Designation as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER":  Any Producing Party may designate Materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" only if, in the good faith belief of such Party and its Counsel, or of such non-party, the Materials contain personal, sensitive, confidential, or proprietary information, the unrestricted disclosure of which could be harmful to the operations, or other protectable interests of such Party or non-party, or another party to whom a Producing Party reasonably believes it owes an obligation of confidentiality with respect to such Materials.

      b.    Designation as "CONFIDENTIAL – ATTORNEYS' EYES ONLY": Any Producing Party may designate Materials as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only if, in the good faith belief of such Party and its Counsel, or of such non-party, (1) the Materials contain PII; PHI; or other personal, sensitive, confidential, or proprietary information the unrestricted disclosure of which could be harmful to the operations, or other protectable interests of such Party or non-party, or another party to whom a Producing Party reasonably believes it owes an obligation of confidentiality with respect to such Materials, or (2) the Materials must be kept confidential under Ariz. Rev. Stat. §§ 36-322, 36-342, 36-344, under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), or other applicable law.  If any Defendant produces Confidential Information under the terms of this Order, then that Defendant shall be deemed to

have satisfied its confidentiality obligations under the foregoing statutes, as applicable.

c.     No designation of materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be made unless counsel for the designating Party or non-party believes in good faith that such information is "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," as defined in Subparagraph a.

d.     No designation of materials as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be made unless counsel for the designating Party or non-party believes in good faith that such information is "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as defined in Subparagraph b.

e.     Counsel for the designating Party or non-party shall make designations as narrowly and reasonably as practicable, including but not limited to designating only certain portions of documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

f.     Confidential Information may include, but is not limited to, any sensitive documents or information produced by a Party or non-party, or any other information that constitutes confidential information under the Federal Rules of Civil Procedure and/or applicable laws or regulations including U.S. federal, state, or local privacy, data protection, or secrecy laws.

g.     For illustrative purposes only, Confidential Information subject to designation under Subparagraph a, above, may include: personnel information, business records, or any other sensitive information that could jeopardize Plaintiffs' privacy, or the privacy and security of the

Defendant, Arizona Health Care Cost Containment System, or the State of Arizona or any of its agencies or political subdivisions.

h.   For illustrative purposes only, Confidential Information subject to designation under Subparagraph b, above, may include: patient information, financial information related to services provided to individuals, claims and encounters data, and proprietary business or financial information of contracted health plans, insurance or financial information, names or other identifying information tending to reveal the identity of a Party, and any other highly sensitive information that could jeopardize Plaintiffs' privacy information, or the privacy and security of the Defendant, the Arizona Health Care Cost Containment System, or the State of Arizona or any of its agencies or political subdivisions.

i.   A Producing Party may designate Materials containing Confidential Information by affixing a legend or stamp on such Materials (except deposition transcripts, discussed below in Paragraph 3, or native materials, discussed below in Subparagraph j as follows:  The words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the document where practical or, where not practical, prominently on at least the first page of such Materials.

j.   For natively produced Materials containing Confidential Information, the filename shall be the production number, the confidentiality designation ("CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY") shall be placed in the filename of each such natively produced document, and the slip sheet corresponding to such Materials shall include the production number and the confidentiality designation.  In

the event the Receiving Party of such natively produced Materials chooses to print or otherwise make a copy of such Materials, the printout or copy must be marked with the confidentiality designation.

k.   The Parties agree that any Materials that are otherwise authentic for purposes of admissibility remain authentic even if stamped "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order.

2.   In the event the Producing Party elects to produce Materials for inspection, no marking need be made by the Producing Party in advance of the initial inspection.  For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL – ATTORNEYS EYES ONLY," and must be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of specified Materials for copying by the Receiving Party, the Producing Party must, within a reasonable time prior to producing those Materials to the Receiving Party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

3.   Whenever a deposition taken on behalf of any Party involves the disclosure of Confidential Information of any Party or non-party:

a.   The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a Party or non-party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a Party or non-party will have until thirty (30) days after receipt of the deposition transcript to inform the other Party or Parties to the action of the portions of the transcript to be designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

b.      The disclosing Party or non-party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, the additional persons referenced in Paragraphs 5 and 6 below, and the person(s) agreed upon pursuant to Paragraph 9, below;

c.      Any Materials containing Confidential Information that are used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition dealing with such Materials.  In such cases, the court reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order.  In the event the deposition is videotaped, the original and all copies of the videotape (or portions thereof) shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape may contain confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties"; and

d.      The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

4.      Except as otherwise provided in this Order, all Confidential Information designated as      "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" must not be disclosed by the Receiving Party to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties, or by order of the Court.

5.     Information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may be viewed only by:

      a.     Counsel (as defined in Paragraph H in the above Definitions) of the Receiving Party;

      b.     Independent experts and stenographic and clerical employees associated with such experts.  Prior to receiving any Confidential Information of the Producing Party, the expert must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A.  Counsel for the Receiving Party must retain executed copies of such exhibits;

      c.     The Court and any court staff and administrative personnel;

      d.     Any court reporter employed in this litigation and acting in that capacity;

      e.     Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action;

      f.     The named Parties and the personnel employed by them, including Party principals or executives who are required to participate in policy decisions with reference to this action, who have been advised of their obligations hereunder, and who have signed an "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A;

g.   Technical personnel of the Parties with whom Counsel for the Parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action;

h.   Stenographic and clerical employees associated with the individuals identified above; and

i.   Any other person expressly agreed to, in writing, by the Parties; where, however, such person will have access to materials designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" that were produced by a non-party, the express written agreement of the non-party must also be obtained.

6.   Information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be viewed only by the individuals listed in Subparagraphs 5(a)-(e) and 5(g)-(h).

7.   At the time of delivery or disclosure, counsel of record for the Producing Party shall instruct any person to whom any Confidential Information is delivered or disclosed to maintain the confidentiality of all information protected by this Order and furnish to all such persons a copy of this Order.  Counsel of record shall maintain a record of all persons outside of Counsel or the Parties (as defined above) to whom Confidential Information has been disclosed or delivered.  Counsel must also maintain original executed "Agreements to Be Bound by Stipulated Protective Order."

8.   In addition to designating Materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", a Producing Party may require redactions to such Materials, whether they are the Producing Party's own materials or materials produced by another Party or non-party for use in this litigation.  To the extent that a Party objects to any such redaction, the Parties shall address that dispute subject to the provisions of this Order set forth below.

9.   Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or

- 11 -

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" are filed with the Court for any purpose, the Party seeking to file such Materials must seek permission of the Court to file the Materials under seal unless the Party obtains written permission from the Producing Party to file the Materials without seeking such an order.  Nothing in this Order shall be construed as automatically permitting a party to file under seal.  The Party seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal.  *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  Additionally, such Party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such Party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.[1]  Further, unless the protections of this Order are expressly waived by the parties, any proceeding before the Court, including, but not limited, to conferences, hearings, or trial, whether held in open court or other means, shall be conducted in a manner that keeps confidential the identities of the Plaintiffs permitted to proceed under pseudonyms or otherwise reveal Confidential Information or Materials, or information contained in those Materials, designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If a Party intends to use Confidential Information or Materials during a proceeding before the Court, that Party must notify the other Party no less than fourteen (14) days prior to the Court proceeding (or as soon as reasonably practicable).  That advance notice is required so that the Party can determine the safeguards needed to protect the confidentiality of that information or Materials and to meet and confer with other Party regarding a stipulation that implements those safeguards.  If the Parties are unable to agree upon the necessary safeguards, the Party that designated that Confidential Information or Materials

---

[1] If a Party wishes to use the opposing Party's confidential designations to support or oppose a motion, the opposing Party bears the burden to make the "compelling reasons" or "good cause" showing.  In the event the Party wishing to use the Confidential Information anticipates this scenario arising, the Party shall initiate a discovery dispute conference call consistent with the terms of the Court's Rule 16 Scheduling Order at least fourteen (14) days before the due date of the filing in which the Party wishes to reference the information.

1    may seek Court intervention.  Failure to seek such safeguards from the other Party or the

2    Court, or a stipulation to allow the Materials to be used outside the protections of this Order,

3    shall not constitute an admission that the underlying information or materials are not

4    confidential.

5        10.    Except as otherwise provided in this Order, Confidential Information and

6    Materials designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or

7    "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used solely for the

8    prosecution or defense of this action.  A Party who wishes to use Confidential Information

9    and/or Materials designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

10   or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a purpose other than the

11   prosecution or defense of this action must request permission, in writing, from Counsel for

12   the Producing Party.  The Receiving Party's request must identify the Confidential

13   Information and/or Materials designated "CONFIDENTIAL – SUBJECT TO

14   PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that the

15   Receiving Party wishes to use, and identify the purpose for which it wishes to use

16   Confidential Information and/or Materials designated "CONFIDENTIAL – SUBJECT TO

17   PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If the

18   Parties cannot resolve the question of whether the Receiving Party can use Confidential

19   Information and/or Materials designated "CONFIDENTIAL – SUBJECT TO

20   PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a

21   purpose other than the prosecution or defense of this action within fourteen (14) days of the

22   Producing Party's receipt of such a request, the Receiving Party may move the Court for a

23   ruling on the Receiving Party's request.  In the event any Party files a motion seeking to use

24   Confidential Information and/or Materials designated "CONFIDENTIAL – SUBJECT TO

25   PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a

26   purpose other than the prosecution or defense of this action, the Confidential Information

27   and/or Materials designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

28   or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be submitted to the Court,

under seal, for an in-camera inspection.  Any Confidential Information and/or Materials designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at issue must be treated as Confidential Information, as designated by the Producing Party, until the Court has ruled on the motion or the matter has been otherwise resolved.

11.    At any stage of these proceedings, any Party may object to a designation of Materials as Confidential Information.  The Party objecting to confidentiality must notify, in writing, counsel for the Producing Party, of the objected-to Materials and the grounds for the objection.  If the dispute is not resolved consensually between the Parties within fourteen (14) days of receipt of such a notice of objections, the objecting Party may move the Court for a ruling on the objection.  In the event any Party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection.  The Materials at issue must be treated as Confidential Information, as designated by the Producing Party, until the Court has ruled on the objection or the matter has been otherwise resolved.  Nothing in the foregoing provisions shall be construed to obligate a Party to challenge the propriety of a designation at the time made, and a decision not to challenge a designation shall not preclude a subsequent challenge thereto (nor shall it constitute any admission or inference that the information is, or ever was, confidential).

12.    At any stage of these proceedings, any Party may request that it be permitted to disclose Materials designated as Confidential Information to individuals not permitted by this Order to view such Materials.  The Party must notify, in writing, counsel for the Producing Party of the identity of the relevant Materials and the individuals to whom the Party wishes to disclose the Materials.  If the request is not resolved consensually between the Parties within fourteen (14) days of receipt of such a request, the requesting Party may move the Court for a ruling allowing such disclosure.  In the event any Party files a motion requesting such disclosure, the document shall be submitted to the Court, under seal, for an

in-camera inspection.  The Materials at issue must be treated as Confidential Information, as designated by the Producing Party, until the Court has ruled on the request.

13.     All Confidential Information must be held in confidence by those inspecting or receiving it.  To the extent the Confidential Information has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this action, except as otherwise provided in this Order. In addition, Counsel for each Party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If Confidential Information is disclosed to any person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

14.     No Party will be responsible to another Party or non-party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

15.     If a Party or non-party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the Producing Party may give written notice to the Receiving Party that the Materials produced are deemed Confidential Information, and that the Materials produced should be treated as such in accordance with that designation under this Order.  The Receiving Party must treat the Materials as confidential, once the Producing Party so notifies the receiving Party.  The inadvertent or unintentional failure to designate discovery materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be deemed a waiver in whole or in part of a Producing Party's claim of confidential treatment under this Order.  If the Receiving Party has disclosed the Materials before receiving the designation, the Receiving Party must notify the Producing Party in writing of each such disclosure.  Counsel for the

Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

16.     This Order is entered to protect the confidentiality of information and facilitate the exchange of documents and information between the Parties and producing non-parties to this proceeding, without:  (a) unreasonably or unnecessarily limiting or restricting the ability of the Parties and/or Counsel to develop their claims or defenses in this matter, (b) causing significant financial or personal harm or otherwise jeopardizing the well-being of the Plaintiffs or their family members, such that the involvement of the Court would not be unnecessarily required to resolve disputes over confidentiality, or (c) preventing any Party from complying with the obligations imposed under applicable public records, public information, and freedom of information acts.  Nothing within this Order will prejudice the right of any Party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.  This Order shall not be construed to require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product protection, or other privilege, doctrine, or immunity.   If documents, information or other material subject to a claim of attorney-client privilege, work product protection, or other privilege, doctrine, or immunity are inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Any Producing Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes is protected under the attorney-client privilege, work product protection, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the Receiving Party and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The Receiving Party shall gather and

return all copies of such documents, information, or other material to the Producing Party within five (5) business days, except for any pages containing privileged or otherwise protected markings by the Receiving Party, which pages shall instead be destroyed and certified as such to the Producing Party.  Where it is reasonably apparent to a Receiving Party that the documents or information was inadvertently sent or produced, and the Receiving Party knows or reasonably should know that the documents or information is privileged or subject to the work product protection, the Receiving Party shall: (a) refrain from examining the documents or information any more than is necessary to determine that they are privileged or subject to the work product protection, (b) promptly notify the Producing Party, and (c) otherwise treat the information in compliance with Federal Rule of Civil Procedure 26(b)(5)(B).

17.    Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information.

18.    This Order will be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order must not be used by any Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

19.    Nothing herein shall (a) preclude the disclosure of Materials produced by any Party or non-party to this litigation that is legally mandated under public records, public information, and freedom of information acts, or (b) prevent any Party from discharging its duties or obligations under any other applicable statute, rule, or regulation, subject to the provisions set forth in Paragraph 23.

20.    Information designated Confidential pursuant to this Order also may be disclosed if: (a) the Party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the Party to whom Confidential Information has been produced thereafter becomes obligated to disclose

the information in response to a lawful subpoena, public records request, or a court order issued in other litigation. The fact that Materials may be subject to a public records request shall not preclude a Producing Party from designating the Materials as Confidential.

21.     If a Party is served with a public records request, subpoena, or court order as described in Paragraph 20, then that Party (the "Served Party") must give prompt notice to counsel for the Producing Party that made the designation, regardless of whether the Served Party intends to assert any defenses or exemptions from complying with the public records request, subpoena, or court order. That notice must permit counsel for that Producing Party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena, public records request, or court order, and/or seek the entry of an appropriate protective order in the action in which the subpoena or court order was issued. Unless the designating Party timely submits an objection seeking an order that the subpoena, public records request, or court order need not be complied with, and serves such objection upon the Served Party before the production date required by the subpoena, public records request, or court order, the Served Party shall be permitted to produce documents responsive to the subpoena, public records request, or court order on the response date. The designating Party shall bear its own burden and expense of seeking protection of its Confidential Information. Compliance by the Served Party with any order directing production pursuant to the subpoena, public records request, or court order regarding any Material containing Confidential Information shall not constitute a violation of this Order, provided that the notice required by this Paragraph has been satisfied, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. In addition, and without limitation or waiver of any other protection from public disclosure afforded by Arizona or federal law, all produced Materials marked by the designating Party as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"—and for which such designation has not been determined to be improper as a result of a challenge made under Paragraph 11—shall be presumptively treated as exempt from disclosure

1    pursuant to the Arizona Public Records Law, Ariz. Rev. Stat. § 39-101 *et seq.*, and not

2    subject to a document-level review by an entity in receipt of a public records request.

3        22.    Nothing in this Order shall limit any Producing Party's use of its own

4    documents or shall prevent any Producing Party from disclosing its own Confidential

5    Information to any person.  Such disclosures shall not affect any confidential designation

6    made pursuant to the terms of this Order so long as the disclosure is made in a manner

7    which is reasonably calculated to maintain the confidentiality of the information.  Nothing

8    in this Order shall prevent or otherwise restrict Counsel from rendering advice to their

9    clients, and in the course thereof, relying on examination of designated Confidential

10   Information.

11       23.    The Parties agree that Materials produced by any Party or non-party to this

12   litigation may be disclosed, distributed, or otherwise provided by Jami Snyder, the Director

13   of the Arizona Health Care Cost Containment System, who was sued in this action in her

14   official capacity, or by any successors to their positions, to any law enforcement or

15   regulatory agency or board, provided that the Director of the Arizona Health Care Cost

16   Containment System believes in good faith that doing so is necessary to discharge her duties

17   as Director of the Arizona Health Care Cost Containment System.

18       24.    Except for Materials disclosed, distributed, or otherwise provided by the

19   Director of the Arizona Health Care Cost Containment System under Paragraph 23, or

20   Materials being used in accordance with an agency's or board's applicable statutes, rules,

21   or regulations, within thirty (30) days of the final termination of this action, including any

22   and all appeals, Counsel for each Party must purge all Confidential Information from all

23   machine-readable media on which it resides and must either (a) return all Confidential

24   Information to the Party or non-party that produced the information, including any copies,

25   excerpts, and summaries of that information, or (b) destroy the same.  With respect to paper

26   copies, return or destruction of Confidential Information is at the option of the Producing

27   Party provided that the producing party makes a request for the return of such copies within

28   fourteen (14) days after termination of this action.  Provided further that nothing in this

Order shall be interpreted or construed to require any officer, employee, or agency of the State of Arizona to destroy any public records obtained in the ordinary course of such officer's or agency's duties, or which must be maintained in compliance with state law, federal law, or the regulations of such agency.  Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation.   Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information after the conclusion of this litigation, except that Counsel may use work product from this action in subsequent litigation, provided that Counsel does not use or disclose another Party's Confidential Information.

25.    The restrictions and obligations set forth within this Order will not apply to any information that: (a) the Parties agree in writing or in open court should not be designated or treated as Confidential Information, including Materials previously designated Confidential Information; (b) the Parties agree, or the Court rules, is already public knowledge; or (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving Party, its employees, or its agents, in violation of this Order.

26.    Any Party or non-party may designate as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Materials that were produced during the course of this action without such designation before the effective date of this Order, as follows:

        a.    Parties or non-parties may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate legend of  "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL –

ATTORNEYS' EYES ONLY" to all other parties in possession or custody of such previously undesignated Materials.   Any Party receiving such notice and copies of designated Materials pursuant to this Subparagraph shall return to the producing Party all undesignated copies of such Materials in its custody or possession, or shall affix the appropriate legend to all copies of the designated Materials in its custody or possession.

    b.    Upon notice of designation pursuant to this Paragraph, Parties shall also: (i) make no disclosure of such designated Materials or information contained therein except as allowed under this Order; and (ii) take reasonable steps to notify any persons known to have possession of such designated Materials or information of the effect of such designation under this Order.

    c.    All such designations must be made within thirty (30) days of the date of this Order.

    d.    To the extent any document produced before issuance of this Order was designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" it shall receive the same treatment as if designated as such under this Order, unless and until such document is re-designated to have a different classification under this Order.

27.    Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order and the phrase "in writing" shall mean any communication that is documented either electronically or by other means of reproducible correspondence.

28.    This Order may be modified by agreement of the Parties, subject to approval by the Court.

29.    The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

1

2

3

4

30.     In the event additional parties join or are joined in this action, they shall not have access to Confidential Information designated under this Order until the newly joined party by its counsel has executed and filed with the Court its agreement to be bound by this Order.

5

6

7

8

9

10

11

12

13

31.     After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of Confidential Information and Materials designated as confidential for enforcement of the provisions of this Order following termination of this litigation.  Each person or entity that receives or produces any Confidential Information designated under this Order hereby agrees to subject itself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violation of this Order.

14

15

32.     Until such time as this Order has been entered by the Court, the Parties agree that upon execution by all the Parties it will be treated as though it has been "So Ordered."

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>EXHIBIT A</u>**

2

3

4

5

6

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

7

8

9

10

D.H., by and through his mother, Janice
Hennessy-Waller; and John Doe, by his
guardian and next friend, Susan Doe, on
behalf of themselves and all others
similarly situated,

11

Plaintiffs,

12

vs.

13

14

Jami Snyder, Director of the Arizona
Health Care Cost Containment System,
in her official capacity,

15

Defendant.

16

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 4:20-cv-335-TUC-SHR

**ACKNOWLEDGMENT OF**
**CONFIDENTIALITY**
**DESIGNATIONS AND**
**AGREEMENT TO BE BOUND**
**BY TERMS OF COURT**
**ORDER**

17

I, _____, declare and state that:

18

    1.    I am employed as _____ by

19

_____.

20

    2.    I have read the Stipulated Protective Order (the "Order") entered in the

21

above-captioned case and have received a copy of the Order.

22

    3.    I promise that I will use any and all "CONFIDENTIAL – SUBJECT TO

23

PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

24

information, as defined in the Order, given to me only in a manner authorized by the

25

Order, and only to assist Counsel in the litigation of this matter.

26

    4.    I promise that I will not disclose or discuss such "CONFIDENTIAL –

27

SUBJECT TO PROTECTIVE ORDER" information with anyone other than the persons

28

described in Paragraph 5 of the Order.

- 23 -

5.      I promise that I will not disclose or discuss such "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information with anyone other than the persons described in Paragraph 6 of the Order.

6.      I acknowledged that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Arizona with respect to the enforcement of the Order.

7.      I understand that any disclosure or use of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in any manner contrary to the provisions of the Order may subject me to sanctions for contempt of court.

8.      I will return all "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Materials (as defined in the Order) to the attorney who provided them to me, upon request by that attorney, and I shall not retain any copies of said Materials or any information contained within "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Materials.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____.

_____
Signature

138410-0001/150392647.1