**EXHIBIT A**

Logan T. Johnston, #009484
**JOHNSTON LAW OFFICES, P.L.C.**
14040 N. Cave Creek Rd., Suite 309
Phoenix, Arizona 85022
Telephone: (602) 435-0050
ltjohnston@live.com

David T. Barton  #016848
Kathryn Hackett King #024698
**BURNSBARTON PLC**
2201 East Camelback Road, Ste. 360
Phone: (602) 753-4500
david@burnsbarton.com
kate@burnsbarton.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D.H., by and through his mother, Janice Hennessy-Waller; and John Doe, by his guardian and next friend, Susan Doe, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Jami Snyder, Director of the Arizona Health Care Cost Containment System, in her official capacity,<br><br>Defendant. | Case No. 4:20-cv-00335-SHR<br><br><br>**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF D.H. AND PLAINTIFF JOHN DOE** |

Defendant Jami Snyder, Director of the Arizona Health Care Cost Containment System ("AHCCCS"), in her official capacity ("Defendant"), submits the following Requests for Production of Documents to Plaintiff D.H. and Plaintiff John Doe ("Plaintiffs", "You" or "Your") to be answered in writing within thirty (30) days pursuant to Rule 34, Federal Rules of Civil Procedure.  Defendant is issuing these

Requests for Production of Documents to both Plaintiffs.  Defendant may later issue separate, additional Requests for Production of Documents to each individual Plaintiff.

**INSTRUCTIONS**

Each request for production is addressed to, and the responses hereto are to include and be based upon, documents in the possession, custody or control of Plaintiffs, their agents, servants, attorneys and all other persons who have investigated or gathered information and/or documents relating to the subject matter of this litigation at the request of or on behalf of Plaintiffs.

You are requested to provide a written response, served within thirty (30) days after service of this request, along with each and every document, paper, book, account, letter, photograph, object or tangible thing of each category specified below.

You are advised that, pursuant to Rule 36(b)(2)(B), for each item or category below, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. You may state that you will produce copies of documents or of electronically stored information instead of permitting inspection.

Delivery by mail of said documents, or true copies thereof, verified to Kathryn H. King, at BurnsBarton PLC, 2201 East Camelback Road, Ste. 360, Phoenix, Arizona 85016 on or before the date designed for appearance will be deemed as complying with this Request for Production.

If You object to any Request for Production, whether in whole or in part, state: (i) the legal basis for each objection you raise and (ii) the factual grounds on which you rely to support each objection.

If You have no documents responsive to a particular request within Your possession, custody, or control, You should so state even in the event that You also wish to assert an objection to said request.

If You withhold from production any document responsive to these Requests for Production pursuant to a claim of privilege, including the attorney-client privilege or work product doctrine, provide a privilege log disclosing the date of each document, the Request for Production to which the document is responsive, the author(s) and recipient(s) of the document, the privilege claimed, and a description of the document's contents sufficient to allow for a determination as to whether the privilege is validly asserted.

Plaintiffs are under a duty to supplement their responses to this request in accordance with the requirements of the Federal Rules of Civil Procedure.  Plaintiffs are hereby notified and required to conform their responses to these requests to the requirements of said Rules.

The terms "document" and "documents" as used herein encompass any writing, electronically stored information, or graphic representation conveying information, regardless of the medium on which produced or recorded, including without limitation: affidavits; agreements; analyses; applications of all types; appointment calendars; architectural drawings and blueprints; arithmetic data and computations; assignments; bank books and statements; bank drafts; bills; bills of lading; books; booklets; books of account; bulletins; business and personal records; certificates of all types; charts of all types; checks; circulars; computer generated information; contracts; correspondence; data compilations; data processing files and records; declarations; diagrams; diaries of all types; drawings of all types; engravings; envelopes; equations; etchings; expense statements; films; forecasts; forms; formulas; graphs; handwritten materials; instructions; insurance claim forms; invoices; journals of all types; letters; licenses of all types; lists of all types; magazines; magnetic data disks and tapes; maps; memoranda; messages; microfilm and microfiche; minutes; motion pictures; newspapers; notes; orders; paintings; pamphlets; photographs and photographic negatives; pictures; planning materials; printed materials; questionnaires; receipts; registrations; reports; schedules;

simulations; specifications; statistical calculations, compilations and computations; studies; summaries; surveys; tax returns, including all schedules and attachments thereto; telecopies and facsimiles; telegraphs; telexes; tests and test results; travel and expense reports; typewritten materials; unemployment compensation claims and related materials; video tapes; voice recordings; vouchers; workers compensation claims and related materials; and working papers.  Every copy of a document hereinafter requested which differs from the original in any respect as to the information it bears or reflects shall be produced as a separate document.

The term "Complaint" refers to Plaintiffs' most recent complaint on file with the Court and any subsequent amendments thereto.  Should Plaintiffs successfully amend their complaint, they are bound under the Federal Rules of Civil Procedure to supplement their responses to these Requests accordingly.

The term "Lawsuit" refers to the above-captioned action filed in the United States District Court, District of Arizona, Case No. 4:20-cv-00335.

The term "statement" or "communication" includes any verbal, nonverbal, or written exchange of information that was transmitted or intended to be transmitted from one individual or entity to another individual or entity.

The term "Challenged Exclusion" refers to the benefit limitation found in Ariz. Admin. Code R9-22-205-B(4)(a).

"AHCCCS" refers to the Arizona Health Care Cost Containment System.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Please produce copies of all scientific studies, research, and clinical evidence that identify the long-term health benefits of male chest reconstruction surgery for individuals with gender dysphoria under the age of 21.

**PLAINTIFF D.H. RESPONSE:**

**PLAINTIFF JOHN DOE RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:**

Please produce the complete medical records for Plaintiff John Doe and Plaintiff D.H.

**PLAINTIFF D. H. RESPONSE:**


**PLAINTIFF JOHN DOE RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents that support the assertion of Dr. Cronyn that El Rio Health Center is treating more than 40 transgender boys who receive their health insurance through AHCCCS and need male chest reconstruction surgery. *See* Cronyn Declaration at ¶ 10. In producing these documents, please replace any personally identifying information with AHCCCS member identification numbers that allow the information to be verified while protecting patient privacy and mark the document "confidential" pursuant to the protective order in place in this lawsuit.

**PLAINTIFF D.H. RESPONSE:**


**PLAINTIFF JOHN DOE RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4:**

Please produce a transcript of the talk "Creating a Primary Care Medical Home for Transgender Youth." *See* Cronyn Declaration at ¶ 12.

**PLAINTIFF D. H. RESPONSE:**

**PLAINTIFF JOHN DOE RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all generally accepted scientific guidelines, research, or publications that describe the criteria that should be applied to determine that male chest reconstruction surgery is medically necessary for transgender males under the age of 21 who suffer from gender dysphoria.

**PLAINTIFF D. H. RESPONSE:**

**PLAINTIFF JOHN DOE RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any non-privileged communications Plaintiffs and/or their guardians have had with the National Center for Lesbian Rights and/or National Health Law Program.

**PLAINTIFF D. H. RESPONSE:**

**PLAINTIFF JOHN DOE RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all documents reflecting the budget the National Center for Lesbian Rights and/or National Health Law Program have set aside to advance its agenda on transgender interests.

**PLAINTIFF D. H. RESPONSE:**

**<u>PLAINTIFF JOHN DOE RESPONSE</u>:**

**<u>REQUEST FOR PRODUCTION NO. 8:</u>**

 Please produce any policy statements, letters, or documents by Plaintiffs, their guardians, the National Center for Lesbian Rights, and/or the National Health Law Program referencing the goals of this Lawsuit.

**<u>PLAINTIFF D. H. RESPONSE</u>:**

**<u>PLAINTIFF JOHN DOE RESPONSE</u>:**

**<u>REQUEST FOR PRODUCTION NO. 9:</u>**

 Please produce any studies or reports that support your contention that "Transgender people … experience disproportionately high rates of harassment and discrimination in all aspects of their lives" and therefore "would be reluctant join a lawsuit that might publicize their circumstances."  (Motion for Class Certification at p. 4)

**<u>PLAINTIFF D. H. RESPONSE</u>:**

**<u>PLAINTIFF JOHN DOE RESPONSE</u>:**

**<u>REQUEST FOR PRODUCTION NO. 10:</u>**

 Please produce any documents that you relied upon, referenced, or referred to in preparing your answers to Defendant's First Set of Requests for Admission, Interrogatories and Requests for Production.

**PLAINTIFF D. H. RESPONSE:**

**PLAINTIFF JOHN DOE RESPONSE:**

RESPECTFULLY SUBMITTED this 25th day of January, 2021.

**BurnsBarton PLC**

By    */s/ Kathryn Hackett King*

David T. Barton
Kathryn Hackett King

**Johnston Law Offices, P.L.C.**
Logan T. Johnston
14040 N. Cave Creek Rd., Suite 309
Phoenix, Arizona 85022

*Attorneys for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2021, I sent the foregoing document by email to the following CM/ECF registrants:

Brent P. Ray
Andrew J. Chinsky
KING & SPALDING LLP
353 N. Clark Street, 12th Floor
Chicago, Illinois 60654
T: +1 312 995 6333
F: +1 312 995 6330
Email:bray@kslaw.com
achinsky@kslaw.com

Daniel C. Barr
Janet M. Howe
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
T: +1 602 351 8085
F: +1 602 648 7085
Email:dbarr@perkinscoie.com
jhowe@perkinscoie.com

Asaf Orr
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
T: +1 415 392 6257
F: +1 415 392 8442
Email:aorr@nclrights.org

Abigail K. Coursolle
Catherine McKee
NATIONAL HEALTH LAW PROGRAM
3701 Wilshire Boulevard, Suite 750
Los Angeles, CA 90010
T: +1 310 204 6010
Email:coursolle@healthlaw.org
mckee@healthlaw.org

*Attorneys for Plaintiffs and the Class*

*s/Carolyn Galbreath*

1   Logan T. Johnston, #009484
2   **JOHNSTON LAW OFFICES, P.L.C.**
    14040 N. Cave Creek Rd., Suite 309
3   Phoenix, Arizona 85022
    Telephone: (602) 435-0050
4   ltjohnston@live.com

5   David T. Barton  #016848
    Kathryn Hackett King #024698
6   **BURNSBARTON PLC**
    2201 East Camelback Road, Ste. 360
7   Phone: (602) 753-4500
    david@burnsbarton.com
8   kate@burnsbarton.com

9   *Attorneys for Defendant*

10              **IN THE UNITED STATES DISTRICT COURT**

11                 **FOR THE DISTRICT OF ARIZONA**

12   D.H., by and through his mother, Janice      Case No. 4:20-cv-00335-SHR
     Hennessy-Waller; and John Doe, by and
13   through his guardian and next friend, Susan
     Doe, on behalf of themselves and all others   **DEFENDANT'S FIRST SET OF**
14   similarly situated,                            **REQUESTS FOR ADMISSION TO**
                                                    **PLAINTIFF D.H. AND PLAINTIFF**
15                  Plaintiffs,                     **JOHN DOE**

16          vs.

17   Jami Snyder, Director of the Arizona Health
18   Care Cost Containment System, in her           (Assigned to the Honorable Scott H.
     official capacity,                             Rash)
19

20                  Defendant.

21

22      To:    Plaintiff D.H. and Plaintiff John Doe
               c/o  Brent P. Ray
23             Andrew J. Chinsky
               KING & SPALDING LLP
24             353 N. Clark Street, 12th Floor
               Chicago, Illinois 60654
25
               c/o Daniel C. Barr
26             Janet M. Howe
               PERKINS COIE LLP
27             2901 N. Central Avenue, Suite 2000
               Phoenix, AZ 85012-2788
28             *Attorneys for Plaintiffs and the Class*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant Jami Snyder, Director of the Arizona Health Care Cost Containment System, in her official capacity ("Defendant"), requests that Plaintiff D.H. and Plaintiff John Doe ("Plaintiffs", "You" or "Your") answer the following Requests for Admission in accordance with Rule 36 of the Federal Rules of Civil Procedure.

Pursuant to Rule 36, you are required to admit or deny the Requests for Admission set forth below.  **You are advised that these requests will be deemed admitted unless, within thirty days after you receive these requests, you provide Defendant with a written answer or objection addressed to each request.**

A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only a part of the request, you shall specify so much of it as true and qualify or deny the remainder, setting forth in detail the reasons for your denial or qualification as requested herein.  You may not give lack of information or knowledge as a reason for failure to admit or deny unless you include a statement that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny the matter in question.

If you fail to admit the truth of any matter requested herein and that matter is thereafter proved true during the trial of this lawsuit or otherwise, you may be required to pay to Defendant the reasonable expenses, including attorneys' fees, incurred in proving the truth of the matter.

The term "Challenged Exclusion" refers to the benefit limitation found in Ariz. Admin. Code R9-22-205-B(4)(a).

"AHCCCS" refers to the Arizona Health Care Cost Containment System.

### REQUESTS FOR ADMISSION

**REQUEST NO. 1:**  Admit that not all natal females with gender dysphoria will seek male chest reconstruction surgery.

**PLAINTIFF D.H. RESPONSE:**

ADMIT _____          DENY _____

-2-

**PLAINTIFF JOHN DOE RESPONSE:**

ADMIT _____                              DENY _____

**REQUEST NO. 2:**  Admit that male chest reconstruction surgery is not medically necessary for all natal females with gender dysphoria.

**PLAINTIFF D.H. RESPONSE:**

ADMIT _____               DENY \_\_\_\_\_

**PLAINTIFF JOHN DOE RESPONSE:**

ADMIT _____                              DENY _____

**REQUEST NO. 3:**  Admit that the determination of whether male chest reconstruction surgery is medically necessary for a natal female with gender dysphoria is a fact-intensive inquiry that must take into account the unique circumstances of each individual. (Complaint ¶ 29).

**PLAINTIFF D.H. RESPONSE:**

ADMIT _____               DENY \_\_\_\_\_

**PLAINTIFF JOHN DOE RESPONSE:**

ADMIT _____                              DENY _____

**REQUEST NO. 4:**  Admit that hormone treatment is one way to alleviate the effects of gender dysphoria. (Complaint ¶ 29).

**PLAINTIFF D.H. RESPONSE:**

ADMIT _____                    DENY _____

**PLAINTIFF JOHN DOE RESPONSE:**

ADMIT _____                    DENY _____

**REQUEST NO. 5:**  Admit there are no studies that identify the long-term health benefits of male chest reconstruction surgery for individuals under the age of 21 with gender dysphoria.

**PLAINTIFF D.H. RESPONSE:**

ADMIT _____                    DENY _____

**PLAINTIFF JOHN DOE RESPONSE:**

ADMIT _____                    DENY _____

**REQUEST NO. 6:**  Admit that there are no generally accepted guidelines or tests for medical professionals to apply to determine whether male chest reconstruction surgery is medically necessary for a natal female with gender dysphoria.

**PLAINTIFF D.H. RESPONSE:**

ADMIT _____                    DENY _____

**PLAINTIFF JOHN DOE RESPONSE:**

ADMIT _____                    DENY _____

**REQUEST NO. 7:**  Admit that childhood gender dysphoria more often than not does not persist into adulthood.

**PLAINTIFF D.H. RESPONSE:**

ADMIT _____                DENY \_\_\_\_\_


**PLAINTIFF JOHN DOE RESPONSE:**

ADMIT _____                DENY _____


**REQUEST NO. 8:**  Admit that adolescent gender dysphoria more often than not does not persist into adulthood.

**PLAINTIFF D.H. RESPONSE:**

ADMIT _____                DENY \_\_\_\_\_


**PLAINTIFF JOHN DOE RESPONSE:**

ADMIT _____                DENY _____


**REQUEST NO. 9:**  Admit that some peer-reviewed studies show that childhood gender dysphoria not does does not persist into adulthood in 97% of cases.

**PLAINTIFF D.H. RESPONSE:**

ADMIT _____                DENY \_\_\_\_\_


**PLAINTIFF JOHN DOE RESPONSE:**

ADMIT _____                DENY _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REQUEST NO. 10:**  Admit that it is a generally accepted medical fact that the brains of individuals under the age of 21 are still developing.

**PLAINTIFF D.H. RESPONSE:**

      ADMIT _____           DENY \_\_\_\_\_


**PLAINTIFF JOHN DOE RESPONSE:**

      ADMIT _____           DENY _____


**REQUEST NO. 11:**  Admit that Plaintiff D.H. suffered from "significant psychological distress" including "severe anxiety and suicidal ideation" before D.H. was diagnosed with gender dysphoria. (Complaint ¶¶ 6-7).

**PLAINTIFF D.H. RESPONSE:**

      ADMIT _____           DENY \_\_\_\_\_


**PLAINTIFF JOHN DOE RESPONSE:**

      ADMIT _____           DENY _____


**REQUEST NO. 12:**  Admit that no psychiatrist has recommended that Plaintiff D.H. obtain male chest reconstruction surgery. (Complaint ¶ 9).

**PLAINTIFF D.H. RESPONSE:**

      ADMIT _____           DENY \_\_\_\_\_


**PLAINTIFF JOHN DOE RESPONSE:**

      ADMIT _____           DENY _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUEST NO. 13:**  Admit that Plaintiff John Doe suffered from "depression and suicidal ideation" before John Doe was diagnosed with gender dysphoria. (Complaint ¶ 10).

**PLAINTIFF D.H. RESPONSE:**

ADMIT _____                DENY \_\_\_\_\_

**PLAINTIFF JOHN DOE RESPONSE:**

ADMIT _____                DENY _____

**REQUEST NO. 14:**  Admit that irreversible changes to one's body can negatively affect one's quality of life. (Complaint ¶ 27).

**PLAINTIFF D.H. RESPONSE:**

ADMIT _____                DENY \_\_\_\_\_

**PLAINTIFF JOHN DOE RESPONSE:**

ADMIT _____                DENY _____

**REQUEST NO. 15:**  Admit that Plaintiffs have no evidence that any transgender male under the age of 21 (other than Plaintiff D.H.) has applied for an individual exception to the Challenged Exclusion.

**PLAINTIFF D.H. RESPONSE:**

ADMIT _____                DENY \_\_\_\_\_

**PLAINTIFF JOHN DOE RESPONSE:**

  ADMIT _____     DENY _____

**REQUEST NO. 16:** Admit that Plaintiffs have no evidence that any transgender male under the age of 21 enrolled in AHCCCS (other than Plaintiff D.H.) has appealed a determination that male chest reconstruction surgery is not medically necessary.

**PLAINTIFF D.H. RESPONSE:**

  ADMIT _____   DENY _____

**PLAINTIFF JOHN DOE RESPONSE:**

  ADMIT _____     DENY _____

**REQUEST NO. 17:** Admit that Plaintiffs have no evidence that any transgender male under the age of 21 enrolled in AHCCCS (other than Plaintiff D.H.) has appealed a determination that male chest reconstruction surgery is not eligible for payment under the Challenged Exclusion.

**PLAINTIFF D.H. RESPONSE:**

  ADMIT _____   DENY _____

**PLAINTIFF JOHN DOE RESPONSE:**

  ADMIT _____     DENY _____

**REQUEST NO. 18:** Admit that no court of law in the United States has determined that male chest reconstruction surgery is medically necessary to treat gender dysphoria in individuals under the age of 21.

**PLAINTIFF D.H. RESPONSE:**

      ADMIT _____          DENY \_\_\_\_\_

**PLAINTIFF JOHN DOE RESPONSE:**

      ADMIT _____          DENY _____

**REQUEST NO. 19:**  Admit that circumstances unique to Plaintiff John Doe and Plaintiff D.H. make male chest reconstruction surgery medically necessary for them.

**PLAINTIFF D.H. RESPONSE:**

      ADMIT _____          DENY \_\_\_\_\_

**PLAINTIFF JOHN DOE RESPONSE:**

      ADMIT _____          DENY _____

**REQUEST NO. 20:**  Admit that the Challenged Exclusion limits surgical treatment of issues related to the care and treatment of transgender individuals beyond the surgical treatment sought by Plaintiffs.

**PLAINTIFF D.H. RESPONSE:**

      ADMIT _____          DENY \_\_\_\_\_

**PLAINTIFF JOHN DOE RESPONSE:**

      ADMIT _____          DENY _____

**REQUEST NO. 21:**  Admit that it is Plaintiffs' position that if the Court grants the relief requested by Plaintiffs and strikes down the Challenged Exclusion, AHCCCS will have no ability to limit coverage for any gender reassignment surgery deemed medically necessary by a healthcare provider.

**PLAINTIFF D.H. RESPONSE:**

ADMIT _____                    DENY \_\_\_\_\_


**PLAINTIFF JOHN DOE RESPONSE:**

ADMIT _____                        DENY _____


**REQUEST NO. 22:**  Admit that it is Plaintiffs' position that male chest reconstruction surgery is only a small segment of the reassignment surgeries that could be medically necessary for individuals with gender dysphoria.

**PLAINTIFF D.H. RESPONSE:**

ADMIT _____                    DENY \_\_\_\_\_


**PLAINTIFF JOHN DOE RESPONSE:**

ADMIT _____                        DENY _____


**REQUEST NO. 23:**  Admit that AHCCCS is not legally required to provide coverage for any medical treatment that is deemed "experimental."

**PLAINTIFF D.H. RESPONSE:**

ADMIT _____                    DENY \_\_\_\_\_

1

2

**PLAINTIFF JOHN DOE RESPONSE:**

3          ADMIT _____                    DENY _____

4

5   **REQUEST NO. 24:**  Admit that nothing in the Medicaid Act expressly requires

6   AHCCCS to provide coverage for gender reassignment surgeries.

7   **PLAINTIFF D.H. RESPONSE:**

8          ADMIT _____              DENY _____

9

10  **PLAINTIFF JOHN DOE RESPONSE:**

11

12         ADMIT _____                    DENY _____

13

14

15         RESPECTFULLY SUBMITTED this 25th day of January, 2021.

16                                          **BURNSBARTON PLC**

17

18                                          By____/s/ Kathryn Hackett King____

19                                          David T. Barton
                                            Kathryn Hackett King
20

21                                          **JOHNSTON LAW OFFICES, P.L.C.**
                                            Logan T. Johnston
22                                          14040 N. Cave Creek Rd., Suite 309
                                            Phoenix, Arizona 85022
23

24                                          *Attorneys for Defendant*

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2

3

       I hereby certifies that on January 25, 2021, I e-mailed a copy of the foregoing to the following:

4

5

6

7

8

Brent P. Ray
Andrew J. Chinsky
KING & SPALDING LLP
353 N. Clark Street, 12th Floor
Chicago, Illinois 60654
T: +1 312 995 6333
F: +1 312 995 6330
Email:bray@kslaw.com
achinsky@kslaw.com

9

10

11

12

13

Daniel C. Barr
Janet M. Howe
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
T: +1 602 351 8085
F: +1 602 648 7085
Email:dbarr@perkinscoie.com
jhowe@perkinscoie.com

14

15

16

17

Asaf Orr
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
T: +1 415 392 6257
F: +1 415 392 8442
Email:aorr@nclrights.org

18

19

20

21

22

Abigail K. Coursolle
Catherine McKee
NATIONAL HEALTH LAW PROGRAM
3701 Wilshire Boulevard, Suite 750
Los Angeles, CA 90010
T: +1 310 204 6310
Email:coursolle@healthlaw.org
mckee@healthlaw.org

23

*Attorneys for Plaintiffs and the Class*

24

25

*s/Carolyn Galbreath*

26

27

28

Logan T. Johnston, #009484
**JOHNSTON LAW OFFICES, P.L.C.**
14040 N. Cave Creek Rd., Suite 309
Phoenix, Arizona 85022
Telephone: (602) 435-0050
ltjohnston@live.com

David T. Barton  #016848
Kathryn Hackett King #024698
**BURNSBARTON PLC**
2201 East Camelback Road, Ste. 360
Phone: (602) 753-4500
david@burnsbarton.com
kate@burnsbarton.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D.H., by and through his mother, Janice Hennessy-Waller; and John Doe, by and through his guardian and next friend, Susan Doe, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Jami Snyder, Director of the Arizona Health Care Cost Containment System, in her official capacity,<br><br>Defendant. | Case No. 4:20-cv-00335-SHR<br><br>**DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF D.H. AND PLAINTIFF JOHN DOE**<br><br>(Assigned to the Honorable Scott H. Rash) |

Defendant Jami Snyder, Director of the Arizona Health Care Cost Containment System, in her official capacity ("Defendant"), pursuant to Rule 33, Federal Rules of Civil Procedure, hereby requests that Plaintiff D.H. and Plaintiff John Doe ("Plaintiffs", "You" or "Your") mail or hand-deliver to the undersigned counsel, within thirty (30) days of receipt thereof, responses to the following Interrogatories.   Defendant is issuing these Interrogatories to both Plaintiffs.  Defendant may later issue separate, additional Interrogatories to each individual Plaintiff.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **INSTRUCTIONS**

You are to divulge all the information that You, as a party to this action, or Your attorneys, investigators, agents, employee, or other representatives are aware of or possess.

When an interrogatory seeks an answer that includes several parts, set out each part of the answer so that it is understandable.

When an interrogatory asks You to list or describe a document, that interrogatory is asking for all documents as defined below.

If You withhold any information under a claim of privilege, please identify the information You are withholding with sufficient particularity to allow the propounding party to move for a court order compelling You to provide that information, identify the privilege(s) that You are asserting, and describe the factual basis for each privilege You are asserting.

If You once possessed, or had custody or control of, but no longer possess or have custody or control of, any documents that any interrogatory asks about, identify each such document and state its date, author, subject, recipient, and intended recipients.  Explain why You no longer possess, or have custody or control of the document, and state the name and address of each person that You know or believe to have the document, or a copy thereof, in their possession, custody or control.

If You answer an interrogatory with "not applicable" or use a similar phrase or answer, explain in detail everything that You, Your attorneys, and/or representatives did to obtain the answer to that interrogatory.

If You answer an interrogatory with "do not know" or "unknown" or a similar phrase or answer, explain in detail everything that You, Your attorneys, and/or representatives did to obtain the answer to that interrogatory.

If You cannot properly answer an interrogatory in a space provided, please answer that interrogatory on an attached paper.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The terms "document" and "documents" as used herein encompass any writing, electronically stored information, or graphic representation conveying information, regardless of the medium on which produced or recorded, including without limitation: affidavits; agreements; analyses; applications of all types; appointment calendars; architectural drawings and blueprints; arithmetic data and computations; assignments; bank books and statements; bank drafts; bills; bills of lading; books; booklets; books of account; bulletins; business and personal records; certificates of all types; charts of all types; checks; circulars; computer generated information; contracts; correspondence; data compilations; data processing files and records; declarations; diagrams; diaries of all types; drawings of all types; engravings; envelopes; equations; etchings; expense statements; films; forecasts; forms; formulas; graphs; handwritten materials; instructions; insurance claim forms; invoices; journals of all types; letters; licenses of all types; lists of all types; magazines; magnetic data disks and tapes; maps; memoranda; messages; microfilm and microfiche; minutes; motion pictures; newspapers; notes; orders; paintings; pamphlets; photographs and photographic negatives; pictures; planning materials; printed materials; questionnaires; receipts; registrations; reports; schedules; simulations; specifications; statistical calculations, compilations and computations; studies; summaries; surveys; tax returns, including all schedules and attachments thereto; telecopies and facsimiles; telegraphs; telexes; tests and test results; travel and expense reports; typewritten materials; unemployment compensation claims and related materials; video tapes; voice recordings; vouchers; workers compensation claims and related materials; and working papers.  Every copy of a document hereinafter requested which differs from the original in any respect as to the information it bears or reflects shall be produced as a separate document.

The term "Lawsuit" refers to the above-captioned action filed in the United States District Court, District of Arizona, Case No. 4:20-cv-00335-SHR.

The term "party" or "parties" means party or parties to this Lawsuit.

The term "person" means corporation, natural person, company, organization, association, partnership, and/or other entity.

The terms "identify with particularity," "describe with particularity," and "state with particularity" mean fully and completely explain and/or describe the thing, person, place, or process referred to, so that a person unacquainted with this action, its context, and its subject events, can fully understand it.  Regarding persons or entities, provide sufficient information to identify and locate the individual including, for example, their names, current addresses, telephone numbers, present employers, and affiliations. Regarding other items, provide title, dates, creators, addresses, locations, and possessors.

To "identify" a natural person or witness means to provide information sufficient for the party to identify and locate the individual including, for example, the person's full name, present or last known address, present or last known phone number, present or last known employer, present or last known self-employment, occupational or professional capacity, and/or qualifications, and relationship to any party.

To "identify a document" means to provide information sufficient for the party to identify and locate the document including, for example, its date, its author or authors, its publisher, its title or other designation, each individual and/or entity to whom it is addressed, the substance of its subject matter, the substance of its contents, and the individual presently possessing the original and/or copies thereof.

The term "date" means the exact day (day, month, year) or, if the exact day is unavailable, Your best available estimate or approximation of the exact amount, including the factual basis for Your estimate or approximation.

The phrase "describe with particularity" means describe an act or event in detail by identifying specifics such as the date and time of the event, an account of what happened, all persons who witnessed the event or could provide information about the event, and any documentation that You have or believe exists that relates to the act or event.

The term "Challenged Exclusion" refers to the benefit limitation found in Ariz. Admin. Code R9-22-205-B(4)(a).

"AHCCCS" refers to the Arizona Health Care Cost Containment System.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify by name, date and author, any peer-reviewed studies that identify the long-term health benefits of male chest reconstruction surgery for individuals with gender dysphoria under the age of 21.

**PLAINTIFF D.H. RESPONSE:**

**PLAINTIFF JOHN DOE RESPONSE:**

**INTERROGATORY NO. 2:**

Produce all scientific studies, research, and clinical evidence that support the allegations and conclusions found in paragraphs 38, 39, and 40 of the Complaint.

**PLAINTIFF D.H. RESPONSE:**

**PLAINTIFF JOHN DOE RESPONSE:**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTERROGATORY NO. 3:**

Please describe the criteria that should be applied to determine that male chest reconstruction surgery is medically necessary for transgender males under the age of 21 who suffer from gender dysphoria.

**PLAINTIFF D.H. RESPONSE:**

**PLAINTIFF JOHN DOE RESPONSE:**

**INTERROGATORY NO. 4:**

Please describe all efforts made by Plaintiff John Doe and Plaintiff D.H. to obtain approval of coverage for the male chest reconstruction surgery they seek by way of this Lawsuit.

**PLAINTIFF D.H. RESPONSE:**

**PLAINTIFF JOHN DOE RESPONSE:**

**INTERROGATORY NO. 5:**

Please describe all efforts made by the National Center for Lesbian Rights and/or National Health Law Program to obtain a legislative or administrative change to the Challenged Exception before initiating the current Lawsuit.

**PLAINTIFF D.H. RESPONSE:**

1

2

3

4   **PLAINTIFF JOHN DOE RESPONSE:**

5

6

7   **INTERROGATORY NO. 6:**

8         Please describe all efforts made by the National Center for Lesbian Rights and/or

9   National Health Law Program to obtain a legislative or administrative change to the

10  Medicaid Act as it pertains to gender reassignment surgeries before initiating the current

11  Lawsuit.

12  **PLAINTIFF D.H. RESPONSE:**

13

14

15

16  **PLAINTIFF JOHN DOE RESPONSE:**

17

18

19  **INTERROGATORY NO. 7:**

20        If You provided anything other than an unqualified denial to Requests for Admission

21  15, 16, and 17, please, 1) provide the basis for Your denial; 2) identify the individual(s)

22  who applied for an exception or appealed a determination; and 3) provide the date of such

23  application or appeal.

24  **PLAINTIFF D.H. RESPONSE:**

25

26

27

28  **PLAINTIFF JOHN DOE RESPONSE:**

1    RESPECTFULLY SUBMITTED this 25th day of January, 2021.

2

3                              **BURNSBARTON PLC**

4

5                              By    */s/ Kathryn Hackett King*

6                              David T. Barton
                               Kathryn Hackett King
7

8                              **JOHNSTON LAW OFFICES, P.L.C.**
                               Logan T. Johnston
9                              14040 N. Cave Creek Rd., Suite 309
                               Phoenix, Arizona 85022
10

11                             *Attorneys for Defendant*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2

3
        I hereby certifies that on January 25, 2021, I e-mailed a copy of the foregoing to the following:

4

5
Brent P. Ray
Andrew J. Chinsky
KING & SPALDING LLP
353 N. Clark Street, 12th Floor

6
Chicago, Illinois 60654
T: +1 312 995 6333

7
F: +1 312 995 6330
Email:bray@kslaw.com

8
achinsky@kslaw.com

9
Daniel C. Barr

10
Janet M. Howe
PERKINS COIE LLP

11
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788

12
T: +1 602 351 8085
F: +1 602 648 7085

13
Email:dbarr@perkinscoie.com
jhowe@perkinscoie.com

14
Asaf Orr

15
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370

16
San Francisco, CA 94102
T: +1 415 392 6257

17
F: +1 415 392 8442
Email:aorr@nclrights.org

18
Abigail K. Coursolle

19
Catherine McKee
NATIONAL HEALTH LAW PROGRAM

20
3701 Wilshire Boulevard, Suite 750
Los Angeles, CA 90010

21
T: +1 310 204 6310
Email:coursolle@healthlaw.org

22
mckee@healthlaw.org

23
*Attorneys for Plaintiffs and the Class*

24
<u>*s/Carolyn Galbreath*</u>

25

26

27

28