Brent P. Ray (Admitted *pro hac vice*)
Andrew J. Chinsky (Admitted *pro hac vice*)
KING & SPALDING LLP
110 N. Wacker Drive, Suite 3800
Chicago, Illinois 60606
T: +1 312 995 6333
F: +1 312 995 6330
Email: bray@kslaw.com
       achinsky@kslaw.com

Daniel C. Barr (Bar No. 010149)
Janet M. Howe (Bar No. 034615)
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
T: +1 602 351 8085
F: +1 602 648 7085
Email: dbarr@perkinscoie.com
       jhowe@perkinscoie.com

*Counsel for Plaintiffs and the Class*
(Additional Counsel on Signature Page)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D.H., by and through his mother, Janice Hennessy-Waller; and John Doe, by his guardian and next friend, Susan Doe, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>Jami Snyder, Director of the Arizona Health Care Cost Containment System, in her official capacity,<br><br>　　　　　　Defendant. | No. 4:20-cv-00335-TUC-SHR<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

1  **I.      INTRODUCTION**

2      Defendant's response to Plaintiffs' Motion for Class Certification was due
3  January 25, 2021.  On that date, Defendant filed a "Motion for Time to Conduct Class
4  Discovery" that responded to Plaintiffs' motion, but also improperly sought an extension—
5  and additional opportunity—to further oppose Plaintiffs' arguments in support of class
6  certification.

7      Defendant's responsive brief offers no justification for delaying or denying class
8  certification.  Plaintiffs—and putative class representatives—meet all the requirements for
9  certification of an injunctive-only class under Rules 23(a) and 23(b)(2) and bifurcated
10 discovery will not resolve any issue necessary for this Court to rule on Plaintiffs' motion.

11     Defendant should not be permitted to circumvent her obligation to timely present her
12 arguments in opposition to Plaintiffs' Motion for Class Certification.  Defendant provides
13 no authority to justify her requested relief and filed her motion without any notice to
14 Plaintiffs, in violation of the meet-and-confer requirement in Local Rule 7.3.  The Court
15 should deny Defendant's request on that basis alone.

16     For the reasons set forth in Plaintiffs' motion and in this reply, the Court should
17 certify the Proposed Class, designate D.H. and John Doe as class representatives, designate
18 their undersigned attorneys as class counsel, and deny Defendant's requests for additional
19 time and class discovery.

20 **II.     ARGUMENT**

21      **A.      The proposed class satisfies all the requirements of Rule 23.**

22           *1.      The proposed class is sufficiently large that joinder is impracticable.*

23     Defendant's opposition does not undermine the evidence Plaintiffs proffered to
24 satisfy the numerosity prong.  Plaintiffs presented the sworn declaration of Dr. Cronyn, a
25 physician at El Rio Health Center, that his clinic treats "approximately 250 transgender
26 youth per year ranging from 4 to 21, and of those patients, more than 40 are transgender
27 boys who receive their health insurance through AHCCCS and need male chest
28 reconstruction surgery." Mtn. for Class Cert., Dkt. 40, at 5.  That number does not include

class members being treated at other facilities, such as the Gender Support Clinic at Phoenix Children's Hospital, or future members of the putative class. This is more than enough to satisfy numerosity, especially when the relief sought is only injunctive or declaratory. *See Toomey v. Arizona*, 2020 WL 3197647 (D. Ariz. 2020) ("Generally, 40 or more members will satisfy the numerosity requirement"); *Fraihat v. U.S. Imm. & Customs Enf't*, 455 F.Supp.3d 709, 736-37 (C.D. Cal. 2020) ("Where the relief sought is only injunctive or declaratory, the numerosity requirement is somewhat relaxed, and even speculative and conclusory allegations regarding numerosity are sufficient to permit certification").

Defendant's claim that AHCCCS received "very few" claims submitted for male chest reconstruction surgery by putative class members is unpersuasive. The low number of prior authorization requests for male chest reconstruction surgery by putative class members is directly related to AHCCCS's categorical exclusion. That exclusion, at a minimum, strongly discourages putative class members from seeking prior authorization for male chest reconstruction surgery. And as a result of the categorical exclusion, there are also few, if any, surgeons who are qualified to perform this surgery that contract with AHCCCS, creating an additional barrier to seeking prior authorization. The fact that AHCCCS has received "very few" claims for male reconstructive surgery is a direct result of Defendant's categorical exclusion, and has little, if any, bearing on the number of class members. Therefore, Defendant's claim does not contradict Dr. Cronyn's declaration or provide a reliable basis for finding that the putative class is too small.

Defendant also manufactures critiques of Dr. Cronyn's clear statement to suggest that his declaration "requires testing." For example, Defendant asserts that because "not all transgender males need, or will even seek, chest reconstruction surgery" Defendant is entitled to discovery about the patients referred to in Dr. Cronyn's statement. Defendant misses the mark. The patients Dr. Cronyn identified as putative class members are those patients who fall within the class definition (*i.e.* transgender male AHCCCS beneficiaries for whom male chest reconstruction surgery is medically necessary), excluding transgender males being treated at El Rio Health Center who are not covered by AHCCCS or for whom

that surgery is not medically necessary. And, to the extent that number includes a few putative class members who now fall outside the age requirements for EPSDT, that difference is more than made up by the putative class members currently being treated by other providers in Arizona and by future class members.

Although Defendant suggests joinder of putative class members is practicable, she fails to account for the future class members who are unknown to both parties. "[T]he presence of future class members renders joinder inherently impractical thus satisfying the numerosity requirement's fundamental purpose." *Inland Empire-Immigrant Youth Collective v. Nielsen*, No. 17-cv-2048, 2018 WL 1061408, at *7 (C.D. Cal. Feb. 26, 2018); *Rivera v. Holder*, 307 F.R.D. 539, 550 (W.D. Wash. 2015) (holding a class of 40 undocumented immigrants was sufficiently numerous, "especially given the transient nature of the class and the inclusion of future class members"); *Nat'l Ass'n of Radiation Survivors v. Walters*, 111 F.R.D. 595, 599 (N.D. Cal. 1986) ("[W]here the class includes unnamed, unknown future members, joinder of such unknown individuals is impracticable and the numerosity requirement is therefore met, regardless of class size.").

Thus, Plaintiffs have provided evidence that is more than sufficient to support a finding that they satisfy the numerosity requirement for class certification under Rule 23. Defendant's responsive pleading does not justify a contrary conclusion.

    2. *Defendant waived all other arguments that could have been made in opposition to Plaintiffs' Motion for Class Certification.*

Pursuant to Local Rule 7.2(c), Defendant had until January 25, 2021 to file and serve her responsive pleading to Plaintiffs' Motion for Class Certification. On that date, Defendant filed a motion for bifurcated discovery as her responsive pleading and made no arguments contesting Plaintiffs' ability to satisfy the "commonality," "typicality" and "adequacy" requirements for class certification. Courts have repeatedly held that failing to raise an argument in the pleadings constitutes a waiver of those arguments. *See Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016) ("But the plaintiffs did not raise that argument to the district court in their ... opposition to the defendants' motion for

summary judgment, so the argument was waived."); *Avilez v. Pinkerton Gov't Servs., Inc.*, 596 F. App'x 579 (9th Cir. 2015) (holding that the defendant waived an "argument by not raising it in opposition to the motion"); *Allergan, Inc. v. Athena Cosmetics, Inc.*, 2012 WL 12903072, at *2 (C.D. Cal. 2012) ("To the extent any argument was not made in opposition to the motion, Athena has not presented grounds for why it could not have been earlier presented. They are thus waived."); *Garcia v. GMAC Mortg.*, LLC, 2009 WL 2782791, at *1 (D. Ariz. 2009) ("If an argument is not properly argued and explained, the argument is waived.") (citing LRCiv 7.2(c)). If Defendant had any such arguments, those arguments could have been raised in that responsive pleading, subject to this Court's decision on Plaintiffs' motion and the request Defendant made for bifurcated discovery in the parties' Rule 26(f) Joint Case Management Report, *see* Doc. 33, 6–8.

By failing to timely raise those arguments Defendant conceded that Plaintiffs met the remaining requirements for class certification.

**B.     Defendant's requests for bifurcated discovery lacks merit.**

*1.     Defendants' motion should be denied for failing to comply with Local Rule 7.3(b).*

Local rules have the "force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010). They "are binding upon the parties and upon the district court[.]" *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1359 (9th Cir. 1994); *see also* LRCiv 83.3(c). A party's failure to follow the local rules, therefore, warrants striking or denying the party's request. *See, e.g.*, *Holmes v. Neilson*, No. CV-17-03910, 2019 WL 357770, at *2 (D. Ariz. Jan. 29, 2019) (denying a motion to amend complaint that did not comply with LRCiv 7.1(b)); *Casas v. Comm'r of Soc. Sec. Admin.*, No.CV-16-08082, 2017 WL 2222613, at *1 n.1 (D. Ariz. May 22, 2017) (striking pages in excess of the page limit); *Armstrong v. D.R. Horton*, No. CV-13-239, 2013 WL 12190470, at *1 (D. Ariz. Mar. 18, 2013) (striking a second amended complaint that violated LRCiv 7.1(a)(3)). A departure from the local rules is justified only if the effect is "so slight and unimportant that the sensible treatment is to

overlook it." *Prof'l Programs*, 29 F.3d at 1353. Departure is not appropriate where substantial rights are at stake. *Id.*

Under Local Rule 7.3(b), "a party moving for an extension of time, whether by motion or stipulation, must state the position of each other party. If the moving party's efforts to determine the position of any other party are unsuccessful, a statement to that effect must be included in the motion or stipulation." Prior to filing its responsive briefing, Defendant did not ask Plaintiffs to stipulate to an extension, let alone seek Plaintiffs' position on the requested extension. Her motion therefore omits any reference to Plaintiffs' position or efforts taken to determine Plaintiffs' position. Thus, Defendant's motion violates the plain language of Local Rule 7.3(b) and should be denied.

Defendant's error was neither slight nor unimportant. Defendant asks for a 104-day extension to file a response to Plaintiffs' Motion for Class Certification—a brief that was due on January 25, 2021. Defendant makes this request even though the Court requested class certification briefing prior to ruling on Defendant's request for bifurcated discovery. Defendant's failure to comply with Local Rule 7.3(b) also injects confusion into the briefing schedule, in terms of the proper timing of responses and page limits for those pleadings. That confusion interferes with the undersigned counsel's ability to develop a strategy to effectively respond to Defendant's filings and protect the interests of the D.H., John Doe, and the putative class.

The Defendant's failure to seek Plaintiffs' position also deprives the Court of the benefit of the parties' discussion. "Making two sides talk can significantly help focus and clarify disputes, even when one side still has to file a motion at the end of the day." *Lopez v. Wells Fargo Bank, N.A.*, No. SACV16-1409AG (KESx), 2016 WL 6088257, at *2 (C.D. Cal. Oct. 17, 2016) (discussing California's similar Rule 7-3 and denying party's motion based on the failure to satisfy Rule 7-3's meet and confer requirement). Consultation consistent with Local Rule 7.3(b), would have given Plaintiffs the opportunity to consider Defendant's request for time and for the parties to discuss Plaintiffs' significant concerns. Instead, Defendant seeks to impose a drastic and self-serving solution on Plaintiffs and the

putative class without consultation or consideration of the Plaintiffs or Court in violation of Local Rule 7.3(b).

Excusing Defendant's failure to comply with the local rules would cause Plaintiffs and the putative class significant harm. This Court should deny Defendant's requested relief.

*2. Defendant fails to demonstrate any need for bifurcated discovery.*

Discovery is not required before ruling on motions for class certification. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975). That is particularly true here, where Plaintiffs—the party carrying the burden of proof—disclaim any need for precertification discovery. *See, e.g.*, *ABS Entm't, Inc. v. CBS Corp.*, 908 F.3d 405, 426–27 (9th Cir. 2018) (denying precertification discovery is an abuse of discretion only when "[t]he propriety of a class action cannot be determined…without discovery" (quoting *Kamm*, 509 F.2d at 210)); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1092–93 (9th Cir. 2011) (same).[1] Here, in contrast, Plaintiffs have offered evidence that is more than sufficient to establish the existence of a certifiable class. The need for precertification discovery is even further diminished here because Plaintiffs seek to certify a class under Rule 23(b)(2) and any purported dispute is limited to whether Plaintiffs satisfy the numerosity requirement. *See, e.g.*, *Sueoka v. United States*, 101 F. App'x 649, 653 (9th Cir. 2004); *Morgan v. U.S. Soccer Fed'n, Inc.*, No. 2:19-CV-01717, 2019 WL 7166978, at *6 (C.D. Cal. Nov. 8, 2019); *Pole v. Estenson Logistics, LLC*, No. 15-cv-07196, 2016 WL 4238635, at *5 (C.D. Cal. Aug. 10, 2016) ("The numerosity requirement is 'relaxed' when injunctive or declaratory relief is sought. This is largely because the type of relief sought necessarily implicates judicial economy where a judgment granting an injunction would avoid duplicative suits brought by other class members." (citation omitted)). Thus, Defendant's request for bifurcated discovery lacks merit.

---

[1] Plaintiffs were unable to find any Ninth Circuit case where a District Court was found to have abused its discretion for denying a defendant's request for precertification discovery.

- 6 -

1    This Court already rejected a similar request for precertification discovery by the State of Arizona in *Toomey v. Arizona*. There, the plaintiff submitted a declaration that he knew of six class members, a number he supplemented with estimates using demographic data to demonstrate the class surpassed the threshold of numerosity. The State of Arizona contested the reliability of that evidence. The magistrate judge found the estimations sufficiently reliable and recommended that the Court certify the two proposed injunctive classes. That recommendation was adopted by the Court without objection from either party. Report & Recommendation (Doc. 105) at 2, 9, *Toomey v. Arizona*, Case No. 4:19-cv-35 (D. Ariz. May 12, 2020); Order (Doc. 108) at 2 (Jun. 15, 2020) (adopting Judge Bowman's Report & Recommendation). Further, courts have previously granted class certification in challenges to similar exclusions in Medicaid coverage without precertification discovery. *See, e.g.*, *Flack v. Wisc. Dep't of Health Servs.*, 331 F.R.D. 361, 368–70 (W.D. Wis. 2019).

The cases cited by Defendant do not support bifurcating discovery. In *Briggs v. Montgomery* and *Daniel v. Swift Transportation Corporation*, bifurcation was appropriate because—in contrast to this case—the defendants had the information the plaintiffs needed to demonstrate the existence and boundaries of the classes and subclasses they sought to certify. *See* Parties' Rule 26(f) Joint Scheduling Report (Doc. 97) at 22, *Briggs v. Montgomery*, Case No. 2:18-cv-2684 (D. Ariz. Aug. 13, 2019); Proposed Case Management Plan (Doc. 31) at 10, *Daniel v. Swift Transp. Corp.*, Case No. 2:11-cv-01548 (D. Ariz. Jan. 3, 2012) ("The parties have agreed to bifurcate discovery.") The plaintiffs in those cases also sought to certify at least one class under Rule 23(b)(3), which imposes additional notice requirements that further necessitate particularized discovery, *see* Fed. R. Civ. P. 23(c)(2)(B). Second Amended Complaint (Doc. 110) at 46, *Briggs v. Montgomery*, Case No. 2:18-cv-2684 (D. Ariz. Sept. 23, 2019); First Amended Complaint (Doc. 19) at 13–17, *Daniel v. Swift Transp. Corp.*, Case No. 2:11-cv-1548 (D. Ariz. Oct. 24, 2011). Unlike *Briggs* and *Daniel*, Plaintiffs have demonstrated, through Dr. Cronyn's declaration, that more than forty class members are current patients at El Rio Health Center in Tucson.

That number does not account for the class members who are patients at the Phoenix Children's Hospital's Gender Support Clinic, or elsewhere in the state, let alone future class members. As previously noted, *see* Section II.A.1, *supra*, this evidence is more than sufficient to satisfy Plaintiffs' burden on numerosity and Defendant's attempt to impugn the veracity of this evidence to create a need for discovery has no merit.

Bifurcated discovery is also unnecessary because AHCCCS possesses sufficient information in its own records to independently determine whether a class exists and address Plaintiffs' arguments. Instead of searching for prior authorization requests for male chest reconstruction surgery, a more accurate way for AHCCCS to have ascertained the approximate size of the class is to identify all transgender males, between ages 13-20, that are receiving treatment for gender dysphoria. That would have demonstrated that Plaintiffs' have satisfied the numerosity requirement and that the number of class members is significantly larger than forty. Plaintiffs should not be prejudiced by the delay of bifurcated discovery because Defendant already has the information she seeks in her possession and control but has simply failed to adequately search for it.

The practical effect of granting Defendant's request would also prejudice Plaintiffs and the putative class. Time is of the essence in this litigation, which is why Plaintiffs have filed a motion for preliminary injunction. Granting the relief Defendant seeks would also allow her to revive arguments she has already waived to oppose Plaintiffs' Motion for Class Certification, *supra* Section II.A.2. And, in the event the Court orders a bifurcated discovery, it would also deny Plaintiffs the opportunity to submit a renewed motion for class certification that incorporates evidence obtained during precertification discovery. Each of those outcomes alone would substantially affect the rights of Plaintiffs and the putative class; their combined effect is highly prejudicial.

Finally, as evidenced by the discovery requests attached to Defendant's opposition to class certification, most of the topics Defendant proposes to explore touch on the merits

of the legal issues presented in this case,[2] not the sufficiency of Plaintiffs' evidence in support of class certification. *See Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1004–05 (9th Cir. 2018) (noting class certification doesn't require reaching the merits of plaintiff's claims).  Bifurcating fact discovery will lead to duplicative discovery and unnecessarily delay the resolution of this case to the detriment of the health and wellbeing of Plaintiffs and the proposed class members.

### III. CONCLUSION

The Court should certify the Proposed Class under Rule 23(b)(2) for declaratory and injunctive relief; designate D.H. and John Doe as class representatives; and designate their undersigned attorneys at Perkins Coie LLP; King & Spalding LLP, the National Center for Lesbian Rights, and the National Health Law Program as class counsel.

Respectfully submitted,

DATED:  FEBRUARY 1, 2021      **PERKINS COIE LLP**

  */s/ Janet M. Howe*
Daniel C. Barr (Bar No. 010149)
Janet M. Howe (Bar No. 034615)
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
T: +1 602 351 8085
F: +1 602 648 7085
Email: dbarr@perkinscoie.com
           jhowe@perkinscoie.com

Brent P. Ray*
Andrew J. Chinsky*
**KING & SPALDING LLP**
110 N. Wacker Drive, Suite 3800
Chicago, Illinois 60606
T: +1 312 995 6333
F: +1 312 995 6330
Email: bray@kslaw.com
           achinsky@kslaw.com

---

[2] Several of Defendant's requests also seek information that exceed the limits of Rule 26(b). Plaintiffs reserve any and all permissible objections to Defendant's discovery requests.

Asaf Orr*
**NATIONAL CENTER FOR LESBIAN RIGHTS**
870 Market Street, Suite 370
San Francisco, CA 94102
T: +1 415 392 6257
F: +1 415 392 8442
Email: aorr@nclrights.org

Abigail K. Coursolle*
Catherine McKee*
NATIONAL HEALTH LAW PROGRAM
3701 Wilshire Boulevard, Suite 750
Los Angeles, CA 90010
T: +1 310 204 6010
Email: coursolle@healthlaw.org
        mckee@healthlaw.org

*Attorneys for Plaintiffs and the Class*

*Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2021, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Logan T. Johnston
JOHNSTON LAW OFFICES, P.L.C.
14040 N. Cave Creek Rd., Suite 309
Phoenix, Arizona 85022
ltjohnston@live.com

David Barton
Kathryn Hackett King
BURNSBARTON PLC
2201 E. Camelback Road, Suite 360
Phoenix, AZ 85016
david@burnsbarton.com
kate@burnsbarton.com

*Attorneys for Defendant*


*s/ Marie van Olffen*

138410-0001/151271339.1

- 11 -