# EXHIBIT A

**From:** Asaf Orr  AOrr@nclrights.org
**Subject:** Following up on last week's conversation
**Date:** February 26, 2021 at 10:27 AM
**To:** Kate King  kate@burnsbarton.com,  David Barton  david@burnsbarton.com
**Cc:** Ray, Brent  bray@kslaw.com,  Chinsky, Andrew  achinsky@kslaw.com,  Daniel Barr  dbarr@perkinscoie.com,  JHowe  JHowe@perkinscoie.com,  Catherine McKee  mckee@healthlaw.org,  coursolle  coursolle@healthlaw.org

Hi Kate and David,

I write to follow up on our conversation last Friday. We appreciate your intention to quote from our filings and the oral argument transcript to capture Plaintiffs' arguments regarding the subject of the supplemental brief—administrative exhaustion and the futility exception. That should resolve the concerns that we raised in our e-mail exchange last week. We would like to clarify, however, that quoting solely from the proposed order we submitted with Plaintiffs' Motion for Preliminary Injunction as a restatement of Plaintiffs' argument/position would still be misleading in light of our representations to the Court. Thus, to the extent that you quote from the proposed order, we ask that your supplemental brief include the necessary context to avoid any misrepresentation.

Thank you in advance for your time and attention to this matter.

Very truly yours,

Asaf

**Asaf Orr, Esq.** | Senior Staff Attorney & Transgender Youth Project Director
*(Pronouns: He, him)*
**National Center for Lesbian Rights** | www.NCLRights.org
870 Market Street, Suite 370, San Francisco, CA 94102
415.365.1326 office | 415.392.8442 fax
**AOrr@NCLRights.org**

**Facebook** | **Twitter** | **Instagram** | **YouTube**

**Feminist Founded, Advocates for All**

# EXHIBIT B

Brent P. Ray (Admitted *pro hac vice*)
Andrew J. Chinsky (Admitted *pro hac vice*)
KING & SPALDING LLP
110 N. Wacker Drive, Suite 3800
Chicago, Illinois 60606
T: +1 312 995 6333
F: +1 312 995 6330
Email: bray@kslaw.com
          achinsky@kslaw.com

Daniel C. Barr (Bar No. 010149)
Janet M. Howe (Bar No. 034615)
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
T: +1 602 351 8085
F: +1 602 648 7085
Email: dbarr@perkinscoie.com
          jhowe@perkinscoie.com

*Counsel for Plaintiffs and the Class*
(Additional Counsel on Signature Page)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

D.H., by and through his mother, Janice
Hennessy-Waller; and John Doe, by his
guardian and next friend, Susan Doe, on
behalf of themselves and all others
similarly situated,

          Plaintiffs,

   vs.

Jami Snyder, Director of the Arizona
Health Care Cost Containment System,
in her official capacity,

          Defendant.

No. 4:20-cv-335-SHR

**PLAINTIFFS' RESPONSES AND
OBJECTIONS TO
DEFENDANT'S FIRST SET OF
INTERROGATORIES**

1    Plaintiffs D.H. and John Doe ("Plaintiffs"), by and through their attorneys and
2    pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby object and
3    respond to Defendant's First Set of Interrogatories ("Interrogatories") as follows. Plaintiffs
4    respond to these Interrogatories based on their knowledge as of the date below and after a
5    reasonable inquiry. Plaintiffs reserve the right to supplement and amend their responses.
6    Each response is offered on behalf of both Plaintiffs D.H. and John Doe.

7                                    **GENERAL OBJECTIONS**

8        1.    Plaintiffs object to each Interrogatory to the extent that it seeks to impose
9    obligations upon Plaintiffs beyond those permitted by the Federal Rules of Civil Procedure
10   and the Local Rules of the U.S. District Court for the District of Arizona.

11       2.    Plaintiffs object to each Interrogatory to the extent that it asks Plaintiffs to
12   provide information which is not in their possession, custody, or control. Specifically,
13   several Interrogatories seek broad information regarding the treatment of gender dysphoria.
14   These Interrogatories are properly the subject of expert discovery, not Interrogatories
15   directed to the named Plaintiffs.

16       3.    Plaintiffs object to each to Interrogatory to the extent it seeks premature
17   expert discovery. As Defendant knows, the Court has not yet issued a scheduling order on
18   discovery. In the parties' Rule 26(f) report, Plaintiffs suggested the parties exchange expert
19   disclosures and reports on May 27, 2021. The Court has not yet issued a ruling setting these
20   deadlines. In any event, several of these Interrogatories seek expert information, and issuing
21   requests for this information outside the course of expert discovery is not the correct
22   procedural mechanism.

23       4.    Plaintiffs object to the Interrogatories to the extent that they contain words
24   and phrases that are vague, ambiguous, confusing, overly broad, and/or undefined, and
25   therefore are difficult or impossible to understand.

26       5.    Plaintiffs object to the Interrogatories to the extent that they are based on facts
27   not in evidence or facts that are otherwise incorrect.

28

6.      Plaintiffs incorporate the foregoing General Objections into their response to each Interrogatory below, regardless of whether a particular response may repeat a particular General Objection.

**INTERROGATORY NO. 1:**

Please identify by name, date and author, any peer-reviewed studies that identify the long-term health benefits of male chest reconstruction surgery for individuals with gender dysphoria under the age of 21.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs object to this Interrogatory because it seeks information which is not in Plaintiffs' possession, custody, or control. Because this Interrogatory asks for information about peer-reviewed studies on the long-term health benefits of male chest reconstruction surgery, it is properly the subject of expert discovery, not an Interrogatory to a party under Rule 33. Plaintiffs also object to this Interrogatory because the phrase "long-term health benefits" is vague, ambiguous, and capable of multiple interpretations. Plaintiffs further object as such peer-reviewed studies are publicly available, and therefore just as easily accessed by Defendant as the Plaintiffs.

Plaintiffs stand on their objections.

**INTERROGATORY NO. 2:**

Produce all scientific studies, research, and clinical evidence that support the allegations and conclusions found in paragraphs 38, 39, and 40 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs object to this Interrogatory because it calls for the production of documents and is therefore incapable of being "answered separately and fully in writing under oath." *See* Fed. R. Civ. P. 33(b)(3). Plaintiffs further object to the extent such scientific studies, research, and clinical evidence are publicly available, and therefore just as easily accessed by Defendant as the Plaintiffs.

Plaintiffs stand on their objections.

**INTERROGATORY NO. 3:**

Please describe the criteria that should be applied to determine that male chest reconstruction surgery is medically necessary for transgender males under the age of 21 who suffer from gender dysphoria.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs object to this Interrogatory because it seeks information that is only minimally relevant to any party's claim or defense and is therefore not proportional to the needs of this Lawsuit. Plaintiffs ask the Court to enjoin Defendant from enforcing the Challenged Exclusion because the Exclusion violates federal law by preventing Plaintiffs and similarly situated individuals from having the opportunity to demonstrate to AHCCCS that male chest reconstruction is medically necessary for the treatment of their gender dysphoria.

Additionally, because this Interrogatory asks for information about the criteria for determining whether male chest reconstruction surgery is medically necessary for certain individuals, to the extent it seeks relevant information at all, it is properly the subject of expert discovery, not an Interrogatory to a party under Rule 33. Plaintiffs further object to this Interrogatory for that reason.

Subject to and without waiving their objections, Plaintiffs refer Defendant to paragraphs 30 through 33 of their Complaint (Dkt. 1), which describe the standards of care for the treatment of gender dysphoria, including the use of medically necessary surgical treatment: the World Professional Association for Transgender Health ("WPATH") *Standards of Care for the Health of Transsexual, Transgender, and Gender Nonconforming People* and *Endocrine Treatment of Gender-Dysphoric/Gender-Incongruent Persons: An Endocrine Society Clinical Practice Guideline*. Plaintiffs otherwise stand on their objections.

1    **INTERROGATORY NO. 4:**

2        Please describe all efforts made by Plaintiff John Doe and Plaintiff D.H. to obtain

3    approval of coverage for the male chest reconstruction surgery they seek by way of this

4    Lawsuit.

5    **RESPONSE TO INTERROGATORY NO. 4:**

6        Plaintiffs object to this Interrogatory because it seeks information that is neither

7    relevant to any party's claim or defense nor proportional to the needs of this Lawsuit.

8    Plaintiffs' claims do not require administrative exhaustion, and even if they did, the futility

9    exception to the administrative exhaustion requirement would apply to the particular

10   circumstances of this Lawsuit and the Challenged Exclusion. *See generally* Dkt. 58-1. Any

11   "efforts made by Plaintiff John Doe and Plaintiff D.H. to obtain approval of coverage for

12   the male chest reconstruction surgery they seek" are therefore irrelevant to the central legal

13   issues in the Lawsuit: whether the Challenged Exclusion violates federal law or the

14   Constitution. Plaintiffs also object to this Interrogatory because the phrase "all efforts … to

15   obtain approval of coverage for the male chest reconstruction surgery they seek" is vague,

16   ambiguous, and capable of multiple interpretations.

17       Subject to and without waiving their objections, Plaintiffs refer Defendant to

18   paragraphs 75 through 87 and 96 through 103 of their Complaint (Dkt. 1), which

19   respectively describe the efforts of Plaintiffs D.H. and John Doe to seek treatment for their

20   gender dysphoria. Plaintiffs sought such treatment believing that AHCCCS would cover

21   healthcare services and treatments in accordance with its legal obligations under federal

22   law, including coverage for the medically necessary surgical care they needed. Plaintiffs

23   only later learned that the Challenged Exclusion completely bars the possibility of their

24   obtaining coverage for male chest reconstruction surgery regardless of whether that surgery

25   was medically necessary. Plaintiffs otherwise stand on their objections.

26

27

28

1  **INTERROGATORY NO. 5:**

2    Please describe all efforts made by the National Center for Lesbian Rights and/or

3  National Health Law Program to obtain a legislative or administrative change to the

4  Challenged Exception before initiating the current Lawsuit.

5  **RESPONSE TO INTERROGATORY NO. 5:**

6    Plaintiffs object to this Interrogatory because it seeks information that is neither

7  relevant to any party's claim or defense nor proportional to the needs of this Lawsuit. As an

8  initial matter, neither the National Center for Lesbian Rights ("NLCR") nor the National

9  Health Law Program ("NHeLP") is a party to the Lawsuit. *See* Dkt. 1; *see also* Fed. R. Civ.

10  P. 33(a) (allowing a party to serve interrogatories "on any other party"); *id.* 33(b)(1)(A)

11  (directing that interrogatories be answered "by the party to whom they are directed").

12  Additionally, Plaintiffs are aware of no substantive or procedural rule that requires them or

13  their counsel to seek "to obtain a legislative or administrative change to" an enforced

14  government policy before challenging the legality of that policy (*i.e.*, the Challenged

15  Exclusion) under federal law or the Constitution. Accordingly, the information sought by

16  this Interrogatory is irrelevant to the Lawsuit. Plaintiffs also object to this Interrogatory

17  because the phrase "all efforts … to obtain a legislative or administrative change to the

18  Challenged Exception [sic]" is vague, ambiguous, and capable of multiple interpretations.

19    Plaintiffs stand on their objections.

20  **INTERROGATORY NO. 6:**

21    Please describe all efforts made by the National Center for Lesbian Rights and/or

22  National Health Law Program to obtain a legislative or administrative change to the

23  Medicaid Act as it pertains to gender reassignment surgeries before initiating the current

24  Lawsuit.

25  **RESPONSE TO INTERROGATORY NO. 6:**

26    Plaintiffs object to this Interrogatory because it seeks information that is neither

27  relevant to any party's claim or defense nor proportional to the needs of this Lawsuit. As an

28  initial matter, neither NLCR nor NHeLP is a party to the Lawsuit. *See* Dkt. 1; *see also* Fed.

R. Civ. P. 33(a) (allowing a party to serve interrogatories "on any other party"); *id.* 33(b)(1)(A) (directing that interrogatories be answered "by the party to whom they are directed"). Additionally, Plaintiffs' do not seek "to obtain a legislative or administrative change to the Medicaid Act as it pertains to gender reassignment surgeries" through their Medicaid Act claims. Instead, Plaintiffs seek a declaration that the Challenged Exclusion violates the Medicaid Act. Accordingly, the information sought by this Interrogatory is irrelevant to the Lawsuit. Plaintiffs also object to this Interrogatory because the phrase "all efforts … to obtain a legislative or administrative change to the Medicaid Act as it pertains to gender reassignment surgeries" is vague, ambiguous, and capable of multiple interpretations.

Plaintiffs stand on their objections.

**INTERROGATORY NO. 7:**

If You provided anything other than an unqualified denial to Requests for Admission 15, 16, and 17, please, 1) provide the basis for Your denial; 2) identify the individual(s) who applied for an exception or appealed a determination; and 3) provide the date of such application or appeal.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiffs hereby incorporate their objections to Defendant's Requests for Admission Nos. 15, 16, and 17. Plaintiffs also object to this Interrogatory to the extent that it seeks information protected by (i) the attorney-client privilege, (ii) the work product doctrine, and/or (iii) any other applicable privilege or protection.

Subject to and without waiving their objections, Plaintiffs hereby incorporate their response to Interrogatory No. 4.

Plaintiffs otherwise stand on their objections.

Dated: February 24, 2021                    Respectfully submitted,

                                            */s/ Brent P. Ray*
                                            Brent P. Ray*

1                                 Andrew J. Chinsky*
                                  KING & SPALDING LLP

2                                 353 N. Clark Street, 12th Floor
                                Chicago, Illinois 60654

3                                 T: +1 312 995 6333
                                F: +1 312 995 6330

4                                 Email: bray@kslaw.com
                                            achinsky@kslaw.com

5

6                                 Daniel C. Barr (Bar No. 010149)
                                Janet M. Howe (Bar No. 034615)

7                                 PERKINS COIE LLP
                                2901 N. Central Avenue, Suite 2000

8                                 Phoenix, AZ 85012-2788
                                T: +1 602 351 8085

9                                 F: +1 602 648 7085
                                Email: dbarr@perkinscoie.com

10                                          jhowe@perkinscoie.com

11                                 Asaf Orr*
                                NATIONAL CENTER FOR LESBIAN

12                                 RIGHTS
                                870 Market Street, Suite 370

13                                 San Francisco, CA 94102
                                T: +1 415 392 6257

14                                 F: +1 415 392 8442
                                Email: aorr@nclrights.org

15                                 Abigail K. Coursolle*
                                Catherine McKee*

16                                 NATIONAL HEALTH LAW
                                PROGRAM

17                                 3701 Wilshire Boulevard, Suite 750
                                Los Angeles, CA 90010

18                                 T: +1 310 204 6010
                                Email: coursolle@healthlaw.org

19                                          mckee@healthlaw.org

20                                 *Attorneys for Plaintiffs and the Class*

21                                 * Admitted pro hac vice

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

     I hereby that on February 24, 2021, I caused a copy of the foregoing Plaintiffs'

3

Responses and Objections to Defendant's First Set of Interrogatories to be served on the

4

following counsel via electronic mail:

5

6

Logan T. Johnston
**JOHNSTON LAW OFFICES, P.L.C.**

7

14040 N. Cave Creek Rd., Suite 309
Phoenix, Arizona 85022

8

ltjohnston@live.com

9

David Barton
Kathryn Hackett King

10

**BURNSBARTON PLC**

11

2201 E. Camelback Road, Suite 360

12

Phoenix, AZ 85016
david@burnsbarton.com

13

kate@burnsbarton.com

14

*Attorneys for Defendant*

15

16

                                     */s/ Andrew J. Chinsky*

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT C**

1   Brent P. Ray (Admitted *pro hac vice*)
    Andrew J. Chinsky (Admitted *pro hac vice*)
2   KING & SPALDING LLP
    110 N. Wacker Drive, Suite 3800
3   Chicago, Illinois 60606
    T: +1 312 995 6333
4   F: +1 312 995 6330
    Email: bray@kslaw.com
5            achinsky@kslaw.com

6   Daniel C. Barr (Bar No. 010149)
    Janet M. Howe (Bar No. 034615)
7   PERKINS COIE LLP
    2901 N. Central Avenue, Suite 2000
8   Phoenix, AZ 85012-2788
    T: +1 602 351 8085
9   F: +1 602 648 7085
    Email: dbarr@perkinscoie.com
10           jhowe@perkinscoie.com

11  *Counsel for Plaintiffs and the Class*
    (Additional Counsel on Signature Page)
12

13
                 **UNITED STATES DISTRICT COURT**
14                **FOR THE DISTRICT OF ARIZONA**

15

16  D.H., by and through his mother, Janice          )
    Hennessy-Waller; and John Doe, by his            )
17  guardian and next friend, Susan Doe, on          )   No. 4:20-cv-335-SHR
    behalf of themselves and all others              )
18  similarly situated,                              )   **PLAINTIFFS' RESPONSES AND**
                                                      )   **OBJECTIONS TO**
19                          Plaintiffs,              )   **DEFENDANT'S FIRST SET OF**
                                                      )   **REQUESTS FOR PRODUCTION**
20          vs.                                       )
                                                      )
21  Jami Snyder, Director of the Arizona             )
    Health Care Cost Containment System,             )
22  in her official capacity,                        )
                                                      )
23                          Defendant.               )
    ─────────────────────────────────────           )
24

25

26

27

28

38126793.v5

1       Plaintiffs D.H. and John Doe ("Plaintiffs"), by and through their attorneys and

2 pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and other applicable

3 laws, hereby object and respond to Defendant's Requests for Production.

4       Plaintiffs submit these objections and responses (each a "Response") without

5 conceding the relevancy or materiality of the subject matter of any Request for Production

6 (each a "Request"). These objections and responses are without Plaintiffs' right to object to

7 the relevance, admissibility, or use of any information provided in these responses in any

8 subsequent proceeding, hearing, or trial. Plaintiffs respond to these Requests based on their

9 knowledge as of the date below and after a reasonable inquiry. Plaintiffs reserve the right

10 to supplement and amend its Responses. Each Response is offered on behalf of both

11 Plaintiffs D.H. and John Doe, except where specifically noted.

12                **GENERAL OBJECTIONS**

13      1.    Plaintiffs object to each Request to the extent that they seek to impose

14 obligations upon Plaintiffs beyond those permitted by the Federal Rules of Civil Procedure

15 and Local Rules of the U.S. District Court for the District of Arizona.

16      2.    Plaintiffs object to the Requests to the extent that they ask Plaintiffs to

17 produce information which is not in their possession, custody, or control. Specifically, many

18 of these Requests seek documents regarding the treatment of gender dysphoria or legal

19 conclusions.  Such Requests are properly the subject of expert discovery or motion practice,

20 not Requests directed to the named Plaintiffs.

21      3.    Plaintiffs object to these Requests as premature expert discovery.  As

22 Defendants well know, the Court has not yet issued a scheduling order on discovery.  In the

23 parties' Rule 26(f) report, Plaintiffs suggested the parties exchange expert disclosures and

24 reports on May 27, 2021.  The Court has not yet issued a ruling setting these deadlines.  In

25 any event, the majority of these Requests seek expert information, and issuing requests for

26 this information outside the course of expert discovery is not the correct procedural

27 mechanism.

28

4.      Plaintiffs object to the Requests to the extent that they contain words and phrases that are vague, ambiguous, confusing, overly broad, and/or undefined, and therefore are difficult or impossible to understand. Where a Request contains such objectionable words and phrases, Plaintiffs have properly denied that Request.

5.      Plaintiffs object to the Requests to the extent that they are based on facts not in evidence or facts that are otherwise incorrect.

6.      Plaintiffs incorporate the foregoing General Objections into the Responses below, regardless of whether a particular Response may repeat a particular General Objection.

**REQUEST FOR PRODUCTION NO. 1:**

Please produce copies of all scientific studies, research, and clinical evidence that identify the long-term health benefits of male chest reconstruction surgery for individuals with gender dysphoria under the age of 21.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiffs object to this Request because it asks Plaintiffs to produce information which is not in their possession, custody, or control.  This Request is properly the subject of expert discovery, not a Request for Production under Rule 34, as it seeks scientific documents regarding the treatment of gender dysphoria.  The Court has not yet issued a scheduling order on discovery.  In the parties' Rule 26(f) report, Plaintiffs suggested the parties exchange expert disclosures and reports on May 27, 2021.  The Court has not yet issued an order setting these deadlines.  Requests for expert information outside the course of expert discovery is not the correct procedural mechanism.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce the complete medical records for Plaintiff John Doe and Plaintiff D.H.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiffs will produce their medical records related to the Plaintiffs' treatment for gender dysphoria to the extent in their possession, custody or control.

1

**REQUEST FOR PRODUCTION NO. 3:**

2      Please produce all documents that support the assertion of Dr. Cronyn that El Rio

3   Health Center is treating more than 40 transgender boys who receive their health insurance

4   through AHCCCS and need male chest reconstruction surgery. See Cronyn Declaration at

5   ¶ 10. In producing these documents, please replace any personally identifying information

6   with AHCCCS member identification numbers that allow the information to be verified

7   while protecting patient privacy and mark the document "confidential" pursuant to the

8   protective order in place in this lawsuit.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

10      Plaintiffs object to this Request because it asks Plaintiffs to produce information

11   which is not in their possession, custody, or control.  This Request is properly the subject

12   of expert or third-party discovery, not a Request for Production under Rule 34 directed to

13   Plaintiffs.  This Request seeks information that is clearly—by the terms of the Request

14   itself—in the possession of Dr.  Cronyn, not Plaintiffs.

15   **REQUEST FOR PRODUCTION NO. 4:**

16      Please produce a transcript of the talk "Creating a Primary Care Medical Home for

17   Transgender Youth." See Cronyn Declaration at ¶ 12.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

19      Plaintiffs object to this Request because it asks Plaintiffs to produce information

20   which is not in their possession, custody, or control.  This Request is properly the subject

21   of expert or third-party discovery, not a Request for Production under Rule 34 directed to

22   Plaintiffs.  This Request seeks information that is clearly—by the terms of the Request

23   itself—in the possession of Dr.  Cronyn, not Plaintiffs.

24   **REQUEST FOR PRODUCTION NO. 5:**

25      Please produce all generally accepted scientific guidelines, research, or publications

26   that describe the criteria that should be applied to determine that male chest reconstruction

27   surgery is medically necessary for transgender males under the age of 21 who suffer from

28   gender dysphoria.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

2        Plaintiffs object to this Request because it asks Plaintiffs to produce information

3   which is not in their possession, custody, or control.  This Request is properly the subject

4   of expert discovery, not a Request for Production under Rule 34, as it seeks scientific

5   documents regarding the treatment of gender dysphoria.  The Court has not yet issued a

6   scheduling order on discovery.  In the parties' Rule 26(f) report, Plaintiffs suggested the

7   parties exchange expert disclosures and reports on May 27, 2021.  The Court has not yet

8   issued an order setting these deadlines.  Requests for expert information outside the course

9   of expert discovery is not the correct procedural mechanism.

10  **REQUEST FOR PRODUCTION NO. 6:**

11       Please produce any non-privileged communications Plaintiffs and/or their guardians

12  have had with the National Center for Lesbian Rights and/or National Health Law Program.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

14       Plaintiffs object to this Request because it seeks information that is not relevant to

15  any party's claim or defense, not remotely likely to lead to the discovery of relevant

16  information, and it is not proportional to the needs of the case.  Plaintiffs object to this

17  request because it is overly broad and because it is vague and ambiguous.

18       Subject to and notwithstanding these objections, Plaintiffs respond as follows:  After

19  a diligent search and reasonable inquiry, Plaintiffs confirm that no such documents exist.

20  **REQUEST FOR PRODUCTION NO. 7:**

21       Please produce all documents reflecting the budget the National Center for Lesbian

22  Rights and/or National Health Law Program have set aside to advance its agenda on

23  transgender interests.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

25       Plaintiffs object to this Request because it asks Plaintiffs to produce information

26  which is not in their possession, custody, or control.  Plaintiffs further object to this Request

27  because it seeks information that is not relevant to any party's claim or defense, not remotely

28  likely to lead to the discovery of relevant information, and it is not proportional to the needs

1  of the case.  Plaintiffs also object to this request because it is overly broad and because it is

2  vague and ambiguous.  Plaintiffs object specifically to the phrase "budget… set aside to

3  advance its agenda on transgender interests" as unintelligible as phrased.

4  **REQUEST FOR PRODUCTION NO. 8:**

5      Please produce any policy statements, letters, or documents by Plaintiffs, their

6  guardians, the National Center for Lesbian Rights, and/or the National Health Law Program

7  referencing the goals of this Lawsuit.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

9      Plaintiffs object to this Request because it seeks information that is not relevant to

10  any party's claim or defense, not remotely likely to lead to the discovery of relevant

11  information, and it is not proportional to the needs of the case.  Plaintiffs object to this

12  request because it is overly broad and because it is vague and ambiguous.  Plaintiffs object

13  specifically to the phrase "policy statements, letters, or documents… referencing the goals

14  of this Lawsuit" as unintelligible as phrased.

15  **REQUEST FOR PRODUCTION NO. 9:**

16      Please produce any studies or reports that support your contention that "Transgender

17  people … experience disproportionately high rates of harassment and discrimination in all

18  aspects of their lives" and therefore "would be reluctant join a lawsuit that might publicize

19  their circumstances." (Motion for Class Certification at p. 4)

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

21      Plaintiffs object to this Request because it asks Plaintiffs to produce information

22  which is not in their possession, custody, or control.  This Request is properly the subject

23  of expert discovery, not a Request for Production under Rule 34, as it seeks scientific

24  documents regarding the treatment of gender dysphoria and the experiences of transgender

25  people.  The Court has not yet issued a scheduling order on discovery.  In the parties' Rule

26  26(f) report, Plaintiffs suggested the parties exchange expert disclosures and reports on May

27  27, 2021.  The Court has not yet issued an order setting these deadlines.  Requests for expert

28  information outside the course of expert discovery is not the correct procedural mechanism.

1    Subject to and notwithstanding these objections, Plaintiffs respond as follows:
2    Plaintiffs have already provided Defendants with documents and information responsive to
3    this request: Plaintiff John Doe's Motion to Proceed Under a Pseudonym contains reference
4    to several studies in support of this contention, *see* Dkt. 2.  Likewise, Plaintiffs' declarations
5    in support of their Motion for Preliminary Injunctions, as well as the declarations submitted
6    by their providers and experts in support of that motion, support this contention, *see* Dkts.
7    4, 5, 25-1, 25-2, 32.

8    **REQUEST FOR PRODUCTION NO. 10:**

9    Please produce any documents that you relied upon, referenced, or referred to in
10   preparing your answers to Defendant's First Set of Requests for Admission, Interrogatories
11   and Requests for Production.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

13   Plaintiffs object to this Request because it seeks information that is not relevant to
14   any party's claim or defense, not remotely likely to lead to the discovery of relevant
15   information, and it is not proportional to the needs of the case.

16   Subject to and notwithstanding these objections, Plaintiffs respond as follows:  Other
17   than Plaintiffs' medical records related to the treatment of their gender dysphoria, all
18   documents referenced in Plaintiffs' answers to Defendant's First Set of Requests for
19   Admission, Interrogatories and Requests for Production have already been made available
20   to Defendant.

21

22   Dated: February 24, 2021                    Respectfully submitted,

23

24                                               */s/ Brent P. Ray*
                                                 Brent P. Ray*
25                                               Andrew J. Chinsky*
                                                 KING & SPALDING LLP
26                                               353 N. Clark Street, 12th Floor
                                                 Chicago, Illinois 60654
27                                               T: +1 312 995 6333
                                                 F: +1 312 995 6330
28                                               Email: bray@kslaw.com
                                                        achinsky@kslaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Daniel C. Barr (Bar No. 010149)
Janet M. Howe (Bar No. 034615)
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
T: +1 602 351 8085
F: +1 602 648 7085
Email: dbarr@perkinscoie.com
        jhowe@perkinscoie.com

Asaf Orr*
NATIONAL CENTER FOR LESBIAN
RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
T: +1 415 392 6257
F: +1 415 392 8442
Email: aorr@nclrights.org

Abigail K. Coursolle*
Catherine McKee*
NATIONAL HEALTH LAW
PROGRAM
3701 Wilshire Boulevard, Suite 750
Los Angeles, CA 90010
T: +1 310 204 6010
Email: coursolle@healthlaw.org
        mckee@healthlaw.org

*Attorneys for Plaintiffs and the Class*

* Admitted pro hac vice

1

**CERTIFICATE OF SERVICE**

2       I certifies that on February 24, 2021, I caused a copy of the foregoing Plaintiff's

3   Responses and Objections to Defendant's First Set of Requests for Production to be served

4   by email on all counsel of record.

5

6                                                   _/s/ Andrew Chinsky_____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT D**

Brent P. Ray (Admitted *pro hac vice*)
Andrew J. Chinsky (Admitted *pro hac vice*)
KING & SPALDING LLP
110 N. Wacker Drive, Suite 3800
Chicago, Illinois 60606
T: +1 312 995 6333
F: +1 312 995 6330
Email: bray@kslaw.com
          achinsky@kslaw.com

Daniel C. Barr (Bar No. 010149)
Janet M. Howe (Bar No. 034615)
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
T: +1 602 351 8085
F: +1 602 648 7085
Email: dbarr@perkinscoie.com
          jhowe@perkinscoie.com

*Counsel for Plaintiffs and the Class*
(Additional Counsel on Signature Page)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D.H., by and through his mother, Janice Hennessy-Waller; and John Doe, by his guardian and next friend, Susan Doe, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>Jami Snyder, Director of the Arizona Health Care Cost Containment System, in her official capacity,<br><br>                    Defendant. | No. 4:20-cv-335-SHR<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION** |

Plaintiffs D.H. and John Doe ("Plaintiffs"), by and through their attorneys and pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and other applicable laws, hereby object and respond to Defendant's Requests for Admission.

Plaintiffs submit these objections and responses (each a "Response") without conceding the relevancy or materiality of the subject matter of any Request for Admission (each a "Request"). These objections and responses are without Plaintiffs' right to object to the relevance, admissibility, or use of any information provided in these responses in any subsequent proceeding, hearing, or trial. Plaintiffs respond to these Requests based on their knowledge as of the date below and after a reasonable inquiry. Plaintiffs reserve the right to supplement and amend their Responses. Each Response is offered on behalf of both Plaintiffs D.H. and John Doe, except where specifically noted.

## GENERAL OBJECTIONS

1.      Plaintiffs object to the Requests to the extent that they seek to impose obligations upon Plaintiffs beyond those permitted by the Federal Rules of Civil Procedure and Local Rules of the U.S. District Court for the District of Arizona.

2.      Plaintiffs object to the Requests to the extent that Defendant is attempting to use these Requests to obtain discovery from Plaintiffs. "Requests for admissions are not principally discovery devices . . . and they are not to be treated as substitutes for discovery processes to uncover evidence." *Merkley v. Maricopa Cty. Cmty. Coll. Dist.*, No. 04-2981-PHX-ROS, 2006 WL 8440535, at *5 (D. Ariz. June 29, 2006) (citing *Safeco of Am. V. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). Plaintiffs will therefore answer each Request in accordance with its obligations under Rule 36.

3.      Plaintiffs object to the Requests to the extent that they ask Plaintiffs to admit or deny information which is not in their possession, custody, or control. Specifically, many of these Requests seek broad admissions regarding treatment of gender dysphoria or ask Plaintiffs to draw legal conclusions. These Requests are properly the subject of expert discovery or motion practice, not Requests directed to Plaintiffs.

4.      Plaintiffs object to the Requests to the extent that they contain words and phrases that are vague, ambiguous, confusing, overly broad, and/or undefined, and therefore are difficult or impossible to understand.

5.      Plaintiffs object to the Requests to the extent that they are based on facts not in evidence or facts that are otherwise incorrect.

6.      Plaintiffs incorporate the foregoing General Objections into the Responses below, regardless of whether a particular Response may repeat a particular General Objection.

**REQUEST NO. 1:**

Admit that not all natal females with gender dysphoria will seek male chest reconstruction surgery.

**RESPONSE TO REQUEST NO. 1:**

Plaintiffs object to this Request because it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Plaintiffs further object to this Request because it is properly the subject of expert discovery, not a Request for Admission under Rule 36. To the extent that the term "natal females" is intended to refer to individuals who are assigned female at birth, after reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable Plaintiffs to admit or deny this Request; Plaintiffs therefore lack knowledge or information sufficient to admit or deny this Request.

**REQUEST NO. 2:**

Admit that male chest reconstruction surgery is not medically necessary for all natal females with gender dysphoria.

**RESPONSE TO REQUEST NO. 2:**

Plaintiffs object to this Request because it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Plaintiffs further object to this Request because it is properly the subject of expert discovery, not a Request for Admission under Rule 36. To the extent that the term "natal females" is intended to refer

1    to individuals who are assigned female at birth, after reasonable inquiry, the information

2    Plaintiffs know or can readily obtain is insufficient to enable Plaintiffs to admit or deny this

3    Request; Plaintiffs therefore lack knowledge or information sufficient to admit or deny this

4    Request.

5    **REQUEST NO. 3:**

6         Admit that the determination of whether male chest reconstruction surgery is

7    medically necessary for a natal female with gender dysphoria is a fact-intensive inquiry that

8    must take into account the unique circumstances of each individual. (Complaint ¶ 29).

9    **RESPONSE TO REQUEST NO. 3:**

10        Plaintiffs object to this Request because it seeks information that is neither relevant

11   to any party's claim or defense nor proportional to the needs of the case. Plaintiffs further

12   object to this Request because it is properly the subject of expert discovery, not a Request

13   for Admission under Rule 36. Plaintiffs further object to this Request because the words

14   and phrases "fact-intensive inquiry" and "unique circumstances" are vague, ambiguous, and

15   not capable of reasonable comprehension. To the extent that the term "natal females" is

16   intended to refer to individuals who are assigned female at birth, Plaintiffs admit what is

17   stated in paragraph 29 of the Complaint:

18        Gender dysphoria is a serious medical condition recognized by the American
          Psychiatric Association. Am. Psychiatric Ass'n, Diagnostic and Statistical
19        Manual of Mental Disorders (5th ed. 2013) ("DSM-5"). Gender dysphoria
          refers to the distress that can result from the incongruence between a person's
20        gender identity and their assigned sex. If left untreated, gender dysphoria can
          cause anxiety, depression, and even self-harm or suicidal ideation. Gender
21        dysphoria is often heightened "when physical interventions by means of
          hormones and/or surgery are not available." *Id.* at 451. Access to appropriate,
22        individualized medical care can mitigate and often prevent all of those
          symptoms.
23

24   Plaintiffs deny the remainder of this Request.

25   **REQUEST NO. 4:**

26        Admit that hormone treatment is one way to alleviate the effects of gender dysphoria.

27   (Complaint ¶ 29).

28   **RESPONSE TO REQUEST NO. 4:**

Plaintiffs adopt their Response to Request No. 3 as and for its Response to this Request and further note that the phrase "hormone treatment" is vague, ambiguous, and undefined.

**REQUEST NO. 5:**

Admit there are no studies that identify the long-term health benefits of male chest reconstruction surgery for individuals under the age of 21 with gender dysphoria.

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs object to this Request because it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Plaintiffs further object to this Request because it is properly the subject of expert discovery, not a Request for Admission under Rule 36. Plaintiffs further object to this Request because the phrase "long-term health benefits" is vague, ambiguous, and not capable of reasonable comprehension. After reasonable inquiry, and considering the unintelligible nature of this Request, the information Plaintiffs know or can readily obtain is insufficient to enable Plaintiffs to admit or deny this Request; Plaintiffs therefore lack knowledge or information sufficient to admit or deny this Request.

**REQUEST NO. 6:**

Admit that there are no generally accepted guidelines or tests for medical professionals to apply to determine whether male chest reconstruction surgery is medically necessary for a natal female with gender dysphoria.

**RESPONSE TO REQUEST NO. 6:**

Plaintiffs object to this Request because it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Plaintiffs further object to this Request because it is properly the subject of expert discovery, not a Request for Admission under Rule 36. Plaintiffs further object to this Request because the phrase "guidelines or tests" is vague, ambiguous, and not capable of reasonable comprehension. To the extent that the term "natal female" is intended to refer to individuals who are assigned female at birth, after reasonable inquiry, and considering the unintelligible nature of this

1  Request, the information Plaintiffs know or can readily obtain is insufficient to enable

2  Plaintiffs to admit or deny this Request; Plaintiffs therefore lack knowledge or information

3  sufficient to admit or deny this Request.

4  **REQUEST NO. 7:**

5       Admit that childhood gender dysphoria more often than not does not persist into

6  adulthood.

7  **RESPONSE TO REQUEST NO. 7:**

8       Plaintiffs object to this Request because it seeks information that is neither relevant

9  to any party's claim or defense nor proportional to the needs of the case. Plaintiffs further

10  object to this Request because it is properly the subject of expert discovery, not a Request

11  for Admission under Rule 36. After reasonable inquiry, the information Plaintiffs know or

12  can readily obtain is insufficient to enable Plaintiffs to admit or deny this Request; Plaintiffs

13  therefore lack knowledge or information sufficient to admit or deny this Request.

14  **REQUEST NO. 8:**

15       Admit that adolescent gender dysphoria more often than not does not persist into

16  adulthood.

17  **RESPONSE TO REQUEST NO. 8:**

18       Plaintiffs object to this Request because it seeks information that is neither relevant

19  to any party's claim or defense nor proportional to the needs of the case. Plaintiffs further

20  object to this Request because it is properly the subject of expert discovery, not a Request

21  for Admission under Rule 36. After reasonable inquiry, the information Plaintiffs know or

22  can readily obtain is insufficient to enable Plaintiffs to admit or deny this Request; Plaintiffs

23  therefore lack knowledge or information sufficient to admit or deny this Request.

24  **REQUEST NO. 9:**

25       Admit that some peer-reviewed studies show that childhood gender dysphoria not

26  [sic] does not persist into adulthood in 97% of cases.

27  **RESPONSE TO REQUEST NO. 9:**

28

1    Plaintiffs object to this Request because it seeks information that is neither relevant

2    to any party's claim or defense nor proportional to the needs of the case. Plaintiffs further

3    object to this Request because it is properly the subject of expert discovery, not a Request

4    for Admission under Rule 36. Plaintiffs further object to this Request because the phrase

5    "does not persist" is vague, ambiguous, and not capable of reasonable comprehension. After

6    reasonable inquiry, and considering the unintelligible nature of this Request, the

7    information Plaintiffs know or can readily obtain is insufficient to enable Plaintiffs to admit

8    or deny this Request; Plaintiffs therefore lack knowledge or information sufficient to admit

9    or deny this Request.

10   **REQUEST NO. 10:**

11   Admit that it is a generally accepted medical fact that the brains of individuals under

12   the age of 21 are still developing.

13   **RESPONSE TO REQUEST NO. 10:**

14   Plaintiffs object to this Request because it seeks information that is neither relevant

15   to any party's claim or defense nor proportional to the needs of the case. Plaintiffs further

16   object to this Request because it is properly the subject of expert discovery, not a Request

17   for Admission under Rule 36. Plaintiffs further object to this Request because the phrase

18   "still developing" is vague, ambiguous, and not capable of reasonable comprehension. After

19   reasonable inquiry, and considering the unintelligible nature of this Request, the

20   information Plaintiffs know or can readily obtain is insufficient to enable Plaintiffs to admit

21   or deny this Request; Plaintiffs therefore lack knowledge or information sufficient to admit

22   or deny this Request.

23   **REQUEST NO. 11:**

24   Admit that Plaintiff D.H. suffered from "significant psychological distress"

25   including "severe anxiety and suicidal ideation" before D.H. was diagnosed with gender

26   dysphoria. (Complaint ¶¶ 6-7).

27   **RESPONSE TO REQUEST NO. 11:**

28

1   Plaintiffs object to this Request because it seeks information that is neither relevant
2   to any party's claim or defense nor proportional to the needs of the case. Plaintiffs further
3   object to this Request because it is misleading: that a person may experience significant
4   psychological distress or severe anxiety and suicidal ideation before being formally
5   diagnosed with gender dysphoria does not mean that these symptoms are not caused by
6   gender dysphoria—it simply means that no formal diagnosis has occurred.

7   Plaintiff D.H. further answers that, subject to the foregoing objections, admitted.

8   Plaintiff John Doe further answers that, after reasonable inquiry, the information
9   Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny this
10  Request; Plaintiff therefore lacks knowledge or information sufficient to admit or deny this
11  Request.

12  **REQUEST NO. 12:**

13  Admit that no psychiatrist has recommended that Plaintiff D.H. obtain male chest
14  reconstruction surgery. (Complaint ¶ 9).

15  **RESPONSE TO REQUEST NO. 12:**

16  Plaintiffs object to this Request because it seeks information that is neither relevant
17  to any party's claim or defense nor proportional to the needs of the case. Specifically, it is
18  not relevant whether a "psychiatrist has recommended" that an individual receive male
19  chest reconstruction surgery. Plaintiffs further object to this Request because
20  "recommended" is vague, ambiguous, and not capable of reasonable comprehension,
21  particularly as used in a medical context.

22  Subject to the foregoing objections, Plaintiff D.H. admits that multiple providers
23  have assessed Plaintiff D.H. and found that Plaintiff D.H. meets the criteria for male chest
24  reconstruction surgery. *See, e.g.*, Decl. of Tamar Reed in Support of Plaintiffs' Mot. for
25  Prelim. Injunction, ¶ 10 (Dkt. 5-2); Decl. of Andrew Cronyn, M.D., in Support of Plaintiffs'
26  Mot. for Prelim. Injunction, ¶ 23 (Dkt. 5-3). *See also* Expert Decl. of Loren S. Schechter,
27  M.D., in Support of Plaintiffs' Mot. for Prelim. Injunction, ¶ 43 (Dkt. 5-5) (noting "D.H.
28  appears to be a good candidate for male chest reconstruction surgery.").

**REQUEST NO. 13:**

Admit that Plaintiff John Doe suffered from "depression and suicidal ideation" before John Doe was diagnosed with gender dysphoria. (Complaint ¶ 10).

**RESPONSE TO REQUEST NO. 13:**

Plaintiffs object to this Request because it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Plaintiffs further object to this Request because it is misleading: that a person may experience depression and suicidal ideation before being formally diagnosed with gender dysphoria does not mean that these symptoms are not caused by gender dysphoria—it simply means that no formal diagnosis has occurred.

Plaintiff John Doe further answers that, subject to the foregoing objections, admitted.

Plaintiff D.H. further answers that, after reasonable inquiry, the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny this Request; Plaintiff therefore lacks knowledge or information sufficient to admit or deny this Request.

**REQUEST NO. 14:**

Admit that irreversible changes to one's body can negatively affect one's quality of life. (Complaint ¶ 27).

**RESPONSE TO REQUEST NO. 14:**

Plaintiffs object to this request because it is overly broad and because it is vague, ambiguous, and not capable of reasonable comprehension. Plaintiffs further object to this Request because it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Plaintiffs admit what is stated in paragraphs 26-27 of the Complaint:

> Around the onset of puberty, many transgender youth experience a level of psychological distress that significantly interferes with their overall wellbeing and ability to function. For some transgender youth, that distress becomes debilitating and can lead to a severe decline in mental health.
>
> That distress stems, in part, from the visible physical changes that accompany puberty. Those physical changes undermine a transgender young person's ability to live in a manner consistent with their gender identity, exacerbating their psychological distress. Even basic daily tasks, such as bathing and

1
2
3
4
5

getting dressed, can become emotionally paralyzing because those tasks are painful reminders of the disconnect between a transgender young person's body and their gender identity. In addition, a transgender boy who has begun to develop breasts is more likely to be mistaken for female, a probability that serves as a constant source of anxiety. The psychological distress transgender youth experience is further heightened by the reality that some of those physical changes may be irreversible, permanently constricting their future treatment options and negatively affecting their quality of life. Consequently, timely treatment is critical.

6

Plaintiffs deny the remainder of this Request.

7

**REQUEST NO. 15:**

8
9
10

Admit that Plaintiffs have no evidence that any transgender male under the age of 21 (other than Plaintiff D.H.) has applied for an individual exception to the Challenged Exclusion.

11

**RESPONSE TO REQUEST NO. 15:**

12
13
14
15
16

Plaintiffs object to this Request because it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. None of Plaintiffs' claims require them to show Plaintiffs or the class have applied for an "individual exception to the Challenged Exclusion." Plaintiffs further object to the phrase "individual exception" as vague, ambiguous, undefined, and not capable of reasonable comprehension.

17
18
19
20
21

Plaintiffs also object to this Request because it seeks information which would be in Defendant's possession, custody, or control. Moreover, Rule 36 is not to be used as a discovery device, and the information sought by this Request is subject to a pending Request for Production *from Plaintiffs* to Defendant. *See* Request No. 34, Plaintiffs' First Request for Production.

22
23
24
25

After reasonable inquiry, and considering the unintelligible nature of this Request, the information Plaintiffs know or can readily obtain is insufficient to enable Plaintiffs to admit or deny this Request; Plaintiffs therefore lack knowledge or information sufficient to admit or deny this Request.

26

**REQUEST NO. 16:**

27
28

Admit that Plaintiffs have no evidence that any transgender male under the age of 21 enrolled in AHCCCS (other than Plaintiff D.H.) has appealed a determination that male chest reconstruction surgery is not medically necessary.

**RESPONSE TO REQUEST NO. 16:**

Plaintiffs adopt their Response to Request No. 15 as their Response to this Request.

**REQUEST NO. 17:**

Admit that Plaintiffs have no evidence that any transgender male under the age of 21 enrolled in AHCCCS (other than Plaintiff D.H.) has appealed a determination that male chest reconstruction surgery is not eligible for payment under the Challenged Exclusion.

**RESPONSE TO REQUEST NO. 17:**

Plaintiffs adopt their Response to Request No. 15 as and for its Response to this Request.

**REQUEST NO. 18:**

Admit that no court of law in the United States has determined that male chest reconstruction surgery is medically necessary to treat gender dysphoria in individuals under the age of 21.

**RESPONSE TO REQUEST NO. 18:**

Plaintiffs object to this Request because it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Plaintiffs further object to this Request because it seeks a legal conclusion, which is not properly the subject of a Request for Admission under Rule 36. After reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable Plaintiffs to admit or deny this Request; Plaintiffs therefore lack knowledge or information sufficient to admit or deny this Request.

**REQUEST NO. 19:**

Admit that circumstances unique to Plaintiff John Doe and Plaintiff D.H. make male chest reconstruction surgery medically necessary for them.

**RESPONSE TO REQUEST NO. 19:**

1   Plaintiffs object to this Request because it seeks information that is neither relevant
2   to any party's claim or defense nor proportional to the needs of the case. Plaintiffs further
3   object to this Request because it is properly the subject of expert discovery, not a Request
4   for Admission under Rule 36. Plaintiffs further object to this Request because the phrase
5   "circumstances unique to Plaintiff John Doe and Plaintiff D.H." is vague, ambiguous, and
6   not capable of reasonable comprehension.

7   Subject to the foregoing objections, denied. Plaintiff D.H.'s and Plaintiff John Doe's
8   gender dysphoria and need for surgical treatment are described in paragraph 68-104 of the
9   Complaint. Gender-confirming medical treatments such as male chest reconstruction
10  surgery, however, are not uniquely appropriate just for Plaintiff D.H. and Plaintiff John
11  Doe. In fact, Dr. Andrew Cronyn, co-leader of transgender health care at El Rio Health
12  Center in Tuscon, Arizona, is personally aware of more than forty patients who are
13  transgender boys who receive their health insurance coverage through AHCCCS and need
14  male chest reconstruction surgery. *See* Decl. of Dr. Andrew Cronyn, ¶ 10 (Dkt. 5-3).

15  **REQUEST NO. 20:**

16  Admit that the Challenged Exclusion limits surgical treatment of issues related to the
17  care and treatment of transgender individuals beyond the surgical treatment sought by
18  Plaintiffs.

19  **RESPONSE TO REQUEST NO. 20:**

20  Plaintiffs object to this Request because it seeks information that is neither relevant
21  to any party's claim or defense nor proportional to the needs of the case. Plaintiffs further
22  object to this Request because it seeks a legal conclusion, which is not properly the subject
23  of a Request for Admission under Rule 36. Plaintiffs further object to this Request because
24  the phrase "surgical treatment of issues related to the care and treatment of transgender
25  individuals" is vague, ambiguous, and not capable of reasonable comprehension. Plaintiffs
26  also object to this Request because it seeks information which would be in Defendant's
27  possession, custody, or control. Moreover, Rule 36 is not to be used as a discovery device.
28  After reasonable inquiry, and considering the unintelligible nature of this Request, the

information Plaintiffs know or can readily obtain is insufficient to enable Plaintiff to admit or deny this Request; Plaintiffs therefore lack knowledge or information sufficient to admit or deny this Request.

**REQUEST NO. 21:**

Admit that it is Plaintiffs' position that if the Court grants the relief requested by Plaintiffs and strikes down the Challenged Exclusion, AHCCCS will have no ability to limit coverage for any gender reassignment surgery deemed medically necessary by a healthcare provider.

**RESPONSE TO REQUEST NO. 21:**

Plaintiffs object to this Request because it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Plaintiffs further object to this Request because it contains words and phrases which are vague, ambiguous, undefined, and not capable of reasonable comprehension, including to the extent it asks Plaintiffs to interpret the meaning of "no ability to limit coverage." Plaintiffs further object to this Request because it seeks a legal conclusion, which is not properly the subject of a Request for Admission under Rule 36. After reasonable inquiry, and considering the unintelligible nature of this Request, the information Plaintiffs know or can readily obtain is insufficient to enable Plaintiff to admit or deny this Request; Plaintiffs therefore lack knowledge or information sufficient to admit or deny this Request.

**REQUEST NO. 22:**

Admit that it is Plaintiffs' position that male chest reconstruction surgery is only a small segment of the reassignment surgeries that could be medically necessary for individuals with gender dysphoria.

**RESPONSE TO REQUEST NO. 22:**

Plaintiffs object to this Request because it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. Plaintiffs further object to this Request because it contains words and phrases which are vague, ambiguous, undefined, and not capable of reasonable comprehension, including to the extent it asks

1  Plaintiffs to interpret the meaning of "only a small segment of the reassignment surgeries
2  that could be medically necessary." Plaintiffs further object to this Request because it
3  appears to be the subject of expert discovery, which is not properly the subject of a Request
4  for Admission under Rule 36. After reasonable inquiry, and considering the unintelligible
5  nature of this Request, the information Plaintiffs know or can readily obtain is insufficient
6  to enable Plaintiffs to admit or deny this Request; Plaintiffs therefore lack knowledge or
7  information sufficient to admit or deny this Request.

8  **REQUEST NO. 23:**

9  Admit that AHCCCS is not legally required to provide coverage for any medical
10  treatment that is deemed "experimental."

11  **RESPONSE TO REQUEST NO. 23:**

12  Plaintiffs object to this Request because it contains words and phrases which are
13  vague, ambiguous, undefined, and not capable of reasonable comprehension, including to
14  the extent it asks Plaintiffs to interpret the meaning of "not legally required to provide
15  coverage" or "experimental." Plaintiffs further object to this Request because it seeks a legal
16  conclusion, which is not properly the subject of a Request for Admission under Rule 36.
17  After reasonable inquiry, and considering the unintelligible nature of this Request, the
18  information Plaintiffs know or can readily obtain is insufficient to enable Plaintiffs to admit
19  or deny this Request; Plaintiffs therefore lack knowledge or information sufficient to admit
20  or deny this Request.

21  **REQUEST NO. 24:**

22  Admit that nothing in the Medicaid Act expressly requires AHCCCS to provide
23  coverage for gender reassignment surgeries.

24  **RESPONSE TO REQUEST NO. 24:**

25  Denied. The Challenged Exclusion violates Plaintiffs' civil rights under the Early
26  Periodic Screening, Diagnostic and Treatment requirements of the federal Medicaid Act,
27  42 U.S.C. §§ 1396a(a)(10)(A), 1396a(a)(43), 1396d(a)(4)(B), 1396d(r); and the

28

1  comparability requirement of the Medicaid Act, *id.* § 1396a(a)(10)(B). *See* Compl. ¶¶ 41-
2  58, 115-118.

3

4  Dated: February 24, 2021                     Respectfully submitted,

5

6                                               */s/ Brent P. Ray*
                                                Brent P. Ray*
7                                               Andrew J. Chinsky*
                                                KING & SPALDING LLP
8                                               353 N. Clark Street, 12th Floor
                                                Chicago, Illinois 60654
9                                               T: +1 312 995 6333
                                                F: +1 312 995 6330
10                                              Email: bray@kslaw.com
                                                       achinsky@kslaw.com
11
                                                Daniel C. Barr (Bar No. 010149)
12                                              Janet M. Howe (Bar No. 034615)
                                                PERKINS COIE LLP
13                                              2901 N. Central Avenue, Suite 2000
                                                Phoenix, AZ 85012-2788
14                                              T: +1 602 351 8085
                                                F: +1 602 648 7085
15                                              Email: dbarr@perkinscoie.com
                                                       jhowe@perkinscoie.com
16
                                                Asaf Orr*
17                                              NATIONAL CENTER FOR LESBIAN
                                                RIGHTS
18                                              870 Market Street, Suite 370
                                                San Francisco, CA 94102
19                                              T: +1 415 392 6257
                                                F: +1 415 392 8442
20                                              Email: aorr@nclrights.org

21                                              Abigail K. Coursolle*
                                                Catherine McKee*
22                                              NATIONAL HEALTH LAW
                                                PROGRAM
23                                              3701 Wilshire Boulevard, Suite 750
                                                Los Angeles, CA 90010
24                                              T: +1 310 204 6010
                                                Email: coursolle@healthlaw.org
25                                                     mckee@healthlaw.org

26                                              *Attorneys for Plaintiffs and the Class*

27                                              * Admitted pro hac vice

28

WORKAMER\99994\420203\38110292.v8-2/24/21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I certifies that on February 24, 2021, I caused a copy of the foregoing Plaintiff's Responses and Objections to Defendant's First Set of Interrogatories to be served by email on all counsel of record.

*/s/ Andrew J. Chinsky*