Brent P. Ray (Admitted *pro hac vice*)
Andrew J. Chinsky (Admitted *pro hac vice*)
KING & SPALDING LLP
110 N. Wacker Drive, Suite 3800
Chicago, Illinois 60606
T: +1 312 995 6333
F: +1 312 995 6330
Email: bray@kslaw.com
       achinsky@kslaw.com

Daniel C. Barr (Bar No. 010149)
Janet M. Howe (Bar No. 034615)
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
T: +1 602 351 8085
F: +1 602 648 7085
Email: dbarr@perkinscoie.com
       jhowe@perkinscoie.com

*Counsel for Plaintiffs and the Class*
(Additional Counsel on Signature Page)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D.H., by and through his mother, Janice Hennessy-Waller; and John Doe, by his guardian and next friend, Susan Doe, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Jami Snyder, Director of the Arizona Health Care Cost Containment System, in her official capacity,<br><br>Defendant. | No. 4:20-cv-00335-SHR<br><br>**PLAINTIFFS' NOTICE OF DEPOSITION OF THE ARIZONA HEALTH CARE COST CONTAINMENT SYSTEM PURSUANT TO FED. RULE OF CIV. PROC. 30(B)(6)**<br><br>Date:     July 19, 2021<br>Location: Perkins Coie LLP<br>          2901 N. Central Ave, Ste 2000<br>          Phoenix, AZ 85012-2788 |

PROPOUNDING PARTY: Plaintiffs D.H. and John Doe

RESPONDING PARTY: Defendant Jami Snyder, in her official capacity as Director of the Arizona Health Care Cost Containment System

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs D.H and John Doe (collectively, the "Named Plaintiffs"), on behalf of themselves and the class they seek to represent (the "Proposed Class"), through undersigned counsel, hereby request that Defendant Jamie Snyder, in her official capacity as Director of the Arizona Health Care Cost Containment System ("Defendant" or "AHCCCS") designate one or more officers, directors, or managing agents, or other persons who consent to testify on AHCCCS's behalf on the topics listed below.  The persons designated must testify about information known or reasonably available to the organization.  Please let us know at your earliest convenience your availability to confer about the matters for examination.

**DEFINITIONS**

As used in this Notice, the following terms are to be interpreted in accordance with the following definitions. Notwithstanding any definition below, each word, term, or phrase used in these document requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure:

1. "Arizona Medicaid" collectively refers to the State of Arizona's Medicaid program and its constituent programs governed by Ariz. Rev. Stat. §§ 36-2901 – 36-2999.08, 36-3401 – 36-3436.01 and the associated implementing regulations in Chapters 21, 22, 28, 29, 30, 31, and 34 of Title 9 of the Arizona Administrative Code, and administered by AHCCCS and/or by one of several participating managed care organizations.

2. "AHCCCS" refers to the State Medicaid agency that administers the Arizona Medicaid program, known as the Arizona Health Care Cost Containment System, and includes any officials, employees, agents, representatives, contractors, attorneys, and any other persons acting or purporting to act for or on behalf of AHCCCS and/or its Secretary.

3. "Proposed Class" refers to all transgender individuals under the age of 21 who are or will be enrolled in AHCCCS, have or will have a diagnosis of gender

1  dysphoria, and are seeking or will seek coverage for male chest reconstruction surgery
2  following a determination by their respective health care providers that the procedure is
3  necessary to treat gender dysphoria.

4      4.    "Plaintiffs" refers to the Named Plaintiffs and the Proposed Class.

5      5.    "Challenged Exclusion" means the exclusion of "gender reassignment
6  surgeries" from "AHCCCS coverage" under subsection B.4(a) of Arizona
7  Administrative Code R9-22-205, adopted effective May 20, 1982.

8      6.    "Gender Reassignment Surgeries" means the services and procedures
9  excluded from AHCCCS coverage under the Challenged Exclusion referred to with the
10 term "gender reassignment surgeries."

11     7.    "Gender Dysphoria" refers to the condition currently referred to as Gender
12 Dysphoria in Adolescents and Adults in the Diagnostic and Statistical Manual of
13 Psychiatric Disorders, Fifth Edition ("DSM-5"), and related diagnoses in current or
14 previous editions of the DSM and/or the International Classification of Diseases
15 ("ICD"), including gender identity disorder and transsexualism.

**TOPICS FOR DEPOSITION**

18     1.    The development, promulgation, implementation, enforcement, and/or
19 proposed elimination or amendment of the Challenged Exclusion.

20     2.    Any information and documents relied upon by AHCCCS and/or the State
21 of Arizona in connection with the development, promulgation, implementation,
22 enforcement, and/or proposed elimination or amendment of the Challenged Exclusion,
23 including, but not limited to medical literature, quantitative and qualitative research
24 performed by or for AHCCCS or the State of Arizona, documents reflecting the costs
25 associated covering or excluding those treatments, and public-hearing testimony.

26     3.    The policies, procedures, or practices related to the implementation,
27 application, or enforcement of the Challenged Exclusion, including, but not limited to,
28

written documents that govern internal operations and contractual provisions instructing AHCCCS's managed care organization regarding the same.

4. Any information and documents relied upon by AHCCCS and/or the State of Arizona in connection with the development, promulgation, implementation, and/or enforcement of policies or directives regarding treatment of or coverage for non-surgical treatments for Gender Dysphoria, including, but not limited to medical literature, quantitative and qualitative research performed by or for AHCCCS or the State of Arizona, documents reflecting the costs associated covering or excluding those treatments, and public-hearing testimony.

5. AHCCCS's compliance with the Medicaid Act's Early and Periodic Screening, Diagnostic and Treatment Services requirements (42 U.S.C. §§ 1396a(a)(10)(A), 1396a(a)(10)(43), 1396d(a)(4)(B), 1396d(4)).

6. AHCCCS's compliance with the Medicaid Act's Comparability Requirement (42 U.S.C. § 1396a(a)(10)(B); 42 C.F.R. § 440.240).

7. The process AHCCCS uses to determine if a particular service is medically necessary to treat a certain condition, including, but not limited to, the application of Ariz. Admin. Code R9-22-203.

8. Arizona House Bill 2294, introduced January 23, 2017, including all research and studies considered or relied upon by AHCCCS in relation to Arizona House Bill 2294 and any positions taken by AHCCCS on the benefits, drawbacks, and effects of the bill.

9. AHCCCS's current criteria for authorization and coverage for all non-surgical treatments and services for Gender Dysphoria.

10. Instructions or policies from AHCCCS to any AHCCCS managed care organization regarding authorization and coverage for non-surgical treatments and services for Gender Dysphoria.

11. AHCCCS's current criteria for authorization and coverage for surgical treatments and services for Gender Dysphoria.

12. Instructions or policies from AHCCCS to any AHCCCS managed care organization regarding authorization and coverage for surgical treatments and services for Gender Dysphoria.

13. Information, instructions, and/or or guidance regarding implementation or enforcement of the Challenged Exclusion provided to any AHCCCS managed care organization.

14. AHCCCS's current criteria for authorization and coverage for the following services (including all applicable and related procedure codes) when intended to treat any condition other than gender dysphoria: penectomy, orchiectomy, vaginoplasty, feminizing genitoplasty, breast reconstruction, chondrolaryngoplasty, phalloplasty, metoidioplasty, masculinizing genitoplasty, mastectomy, reduction mammoplasty, hysterectomy, oophorectomy, and salpingo-oophorectomy.

15. AHCCCS's review or consideration of the diagnosis of Gender Dysphoria with respect to treatment and services under Arizona Medicaid.

16. The denial of coverage to any Arizona Medicaid beneficiary based on the Challenged Exclusion.

17. Approval of coverage of Gender Reassignment Surgery to any Arizona Medicaid beneficiary.

18. The list of patients identified on the document produced by AHCCCS, Bates-labeled SNYDER.000549.

19. The creation of document Bates-labeled SNYDER.000392, and the information concerning Plaintiff D.H. contained therein.

20. The practices, protocols and/or procedures followed by AHCCCS to identify and preserve electronically stored information and paper-only documents, including any steps taken to identify or preserve information potentially relevant to any claims or defenses to this litigation, including any directives to any AHCCCS employees, agents, partners, independent consultants, or contractors concerning the same and any and all documents concerning those practices, protocols, and/or procedures.

21. The identity of the persons involved with the identification and preservation of documents and electronically stored information responsive to the preceding paragraph.

22. AHCCCS's standard document and electronic data retention or destruction policies in the ordinary course of its business, including the identity and current location of any and all documents that set forth those policies and the identity and current location of all current and former personnel who have been and/or are currently responsible for ensuring compliance with Defendants' document retention policies.

23. Identification of the devices, computer systems or platforms, including hardware, system software, and application software, as well as any backup and archive systems used in connection with such systems, used by AHCCCS for:

    a. Email;

    b. Short messaging data or peer-to-peer messaging platforms, including voicemail, text, instant messaging or other electronic communications;

    c. Computers or other electronic devices used to create or store electronic data; and

    d. Document management or document servers; cloud storage, or collaborative sites.

24. The steps undertaken to identify, retrieve, or collect potentially relevant electronically stored information with respect to this litigation.

DATED: June 8, 2021

**PERKINS COIE LLP**

*/s/ Janet M. Howe*
Daniel C. Barr (Bar No. 010149)
Janet M. Howe (Bar No. 034615)
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
T: +1 602 351 8085
F: +1 602 648 7085
Email: dbarr@perkinscoie.com
          jhowe@perkinscoie.com

Brent P. Ray*
Andrew J. Chinsky*
KING & SPALDING LLP
110 n. Wacker Drive, Suite 3800
Chicago, Illinois 60606
T: +1 312 995 6333
F: +1 312 995 6330
Email: bray@kslaw.com
          achinsky@kslaw.com

Asaf Orr*
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, CA 94102
T: +1 415 392 6257
F: +1 415 392 8442
Email: aorr@nclrights.org

Abigail K. Coursolle*
Catherine McKee*
NATIONAL HEALTH LAW PROGRAM
3701 Wilshire Boulevard, Suite 750
Los Angeles, CA 90010
T: +1 310 204 6010
Email: coursolle@healthlaw.org
          mckee@healthlaw.org

*Attorneys for Plaintiffs and the Class*

\* Admitted *Pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2021, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Logan T. Johnston
JOHNSTON LAW OFFICES, P.L.C.
14040 N. Cave Creek Rd., Suite 309
Phoenix, Arizona 85022
ltjohnston@live.com

David Barton
Kathryn Hackett King
BURNSBARTON PLC
2201 E. Camelback Road, Suite 360
Phoenix, AZ 85016
david@burnsbarton.com
kate@burnsbarton.com

*Attorneys for Defendant*

s/ Marie C. van Olffen